In re Joseph N. JAGGERS, Jr., Debtor.

Patrick C. HARGADON, Plaintiff,

v.

COVE STATE BANK, Defendant.

Bankruptcy Nos. 6–81–00076, 6–83–1392.

United States Bankruptcy Court,
W.D. Texas,
Waco Division.

Jan. 30, 1985.

Patrick C. Hargadon of Martinec & Hargadon, Austin, Tex., for trustee.

Frank Oliver of McGinnis, Lockridge & Kilgore, Austin, Tex., for Cove State Bank.

## MEMORANDUM OPINION

BERT W. THOMPSON, Chief Judge.

On the 20th day of September, 1984, came on for consideration in the above styled and numbered cause, the Trustee's Objection to Allowance of Claim of Cove State Bank, Claim No. 17, and Trustee's Complaint to Recover Preference. The Court, having heard the arguments and authorities of counsel and having considered the briefs in support of the parties' respective positions, hereby renders the following Memorandum Opinion in support of its finding that the payment of $12,900.43 by the Debtor to Cove State Bank constituted a preferential transfer in violation of 11 U.S.C. Section 547(b).

In that connection, all Findings of Fact, made herein, may be considered Conclusions of Law, if appropriate. All Conclusions of Law, made herein, may be considered Findings of Fact, if appropriate. All Findings of Fact and Conclusions of Law not specifically made herein are deemed made in support of this Memorandum Opinion.

The facts relevant as revealed by the Stipulation of Facts can be summarized as follows:

On May 7, 1981, Joseph N. Jaggers, the Debtor herein filed his petition under Chapter 7 Title 11, United States Code. As of that date the Debtor was indebted to Cove State Bank, the defendant herein, in the amount of $51,040.60. Cove State Bank

timely filed its Proof of Claim for this amount of June 30, 1981.

The indebtedness of the Debtor arose under a promissory note in the original principal sum of $68,736.27. This note was executed by Mr. Jaggers on November 18, 1980, and was payable to the Cove State Bank. The stock of Astroglass Boat Company, a Tennessee Corporation owned by Maurice Hall and Joseph Jaggers, was pledged by North American Financial Company as security for the $68,736.27 loan.

On February 23, 1981, Cove State Bank received a payment in the amount of $7,900.43 which was applied by the Bank to the Debtor's promissory note. This payment was received in the form of check number 260 drawn on the account of T-Vest Corporation (Account No. 1–15–886–4) at First National Bank, Temple, Texas. The check was signed by Dorothea M. Kerr on behalf of the T-Vest Corporation. Dorothea M. Kerr was an authorized signatory on the T-Vest account at the time of the signing of check number 260.

The T-Vest Corporation is a Texas Corporation. The Debtor and his wife were directors of the corporation. The Debtor was the Chairman of the Board of Directors and his wife was the secretary of the corporation. One Hundred percent of the stock of T-Vest Corporation was owned by the Debtor and his wife. The Debtor controlled and directed the disbursement of the funds from the T-Vest Corporation account. At the direction of the Debtor, payments of both personal and business expenses were made as well as payments to the Debtor and his associates for consulting fees.

Account number 1–15–886–4 maintained by the T-Vest Corporation and controlled by the Debtor was a "conduit" or depository account for funds received by the T-Vest Corporation from Astroglass Boat Company, Star Custom Trailers, and other entities with which the Debtor was associated. Funds belonging to the various entities and funds belonging to the Debtor were commingled in the T-Vest account. At the time of the payments in question the Debtor

exercised effective control over Astroglass Boat Company and Star Custom Trailers. The T-Vest account was also used for the receipt of consulting fees earned by the Debtor, Monty Tounsend, and other associates of the Debtor.

During the period of January 31, 1981 to February 23, 1981, five deposits were made into T-Vest Account number 1–15–886–4. The beginning balance in that account on January 31, 1981 was $9,780.10. The source of these funds is unknown. Of the five deposits made only two deposits represent personal consulting fees payable to the debtor. These deposits were from Hughes-Helicopter on February 17, 1981, in the amount of $8,701.69 and from Martin-Maritta on February 20, 1981, in the amount of $19,032.97. However, no records were kept or presently exist which would permit identification of which portion of the consulting fees were earned by the Debtor.

On March 23, 1981, Cove State Bank received a payment from the Debtor in the amount of $5,000.00 which the Bank applied to the Debtor's promissory note. The payment was received in the form of check number 222 drawn on the account of J. & D. Finance Co. (account no. 449–302–8) at Ashland City Bank & Trust Company in Pleasant View, Tennessee. The check was signed by the Debtor who was an authorized signatory on the J. & D. Finance Co. account.

J. & D. Finance Co. was not a corporation. The account in the name of J. & D. Finance was used for both personal and business purposes of the Debtor. All disbursements from this account were controlled by the Debtor. Funds from Astroglass Boat Company and Maiden-Craft, a Tennessee Corporation wholly owned and controlled by the Debtor and his wife, were funneled through the J. & D. Finance Co. account for payment of various operating and business expenses. The J. & D. Finance Co. account was used as a depository account for funds from Astroglass Boat Co., Maiden-Craft and the T-Vest Corporation. Funds belonging to these entities and

the Debtor were commingled in the account.

The beginning balance in account number 449–302–8 on March 13, 1981, was zero. All deposits into the account during the period from March 13, 1981, until the $5,000.00 check to Cove State Bank was presented and paid came from Maiden Craft and Astroglass Boat Co. None of the deposits during this period represented personal consulting fees or earnings of the Debtor.

The payments to Cove State Bank from the T-Vest and J. & D. Finance Co. accounts directly benefitted the Debtor because Joseph N. Jaggers was personally liable on the debt to Cove State Bank. The disbursements from these funds were credited on the general ledgers of Joseph Jaggers as salary fulfillments.

The threshold question before the Court is whether the payments of $7,900.43 and $5,000.00 respectively by the Debtor to Cove State Bank constituted a preferential transfer in violation of 11 U.S.C. Section 547(b).

■ In order to avoid a transfer, the trustee must establish by a fair preponderance of the evidence each controverted element of a voidable preference. The six elements which must be present for this Court to find that a preference exists under 11 U.S.C. Section 547(b) are:

(1) The property transferred was the property of the Debtor;

(2) The transfer was "to or for the benefit of a creditor;"

(3) The payment was made "for or on account of an antecedent debt owed by the debtor before such transfer was made;"

(4) The transfer was made while the Debtor was insolvent;

(5) The transfer was made on or within 90 days before the date of the filing of the petitions; and

(6) The transfer enabled the creditor to receive more than such creditor would have received if the transfer had not been made, and the creditor received payment of the debt to the extent provided under the bankruptcy code.

The parties have stipulated that the payments in the amounts of $7,900.43 and $5,000.00 were for the benefit of Cove State Bank, that they were made on or before 90 days before the date of the filing of the Debtor's petition, that the payments were made while the debtor was insolvent, and that these payments enabled Cove State Bank to receive more than it would otherwise have received in the Debtor's Chapter 7 case. The only issue then before the Court is whether the funds transferred constituted "property of the estate" within the meaning of 11 U.S.C. Section 547(b).

■ In order to ascertain whether certain monies constitute property of the debtor the Court must determine whether the debtor had an interest in the funds such that a transfer thereof would result in a diminution of the estate. *See, Continental Trust Co. v. Chicago Title Co.,* 229 U.S. 435, 33 S.Ct. 829, 57 L.Ed. 1268 (1913).

In the case at bar, though the Debtor did have ownership rights in the accounts from which the payments to Cove State Bank were made, it is apparent that he did not own the funds in their entirety. The Debtor shared ownership interests in the accounts in question with Astroglass Boat Co., Star Custom Trailers and Mr. Monty Tounsend. It is clear, therefore, that the funds which the debtor used to pay Cove State Bank were, in part, the property of a third party.

■ When a debtor uses the funds of a third party to pay an obligation of the debtor the Court must look to the source of the control over the disposition of the funds in order to determine whether a preference exists. If the debtor controls the disposition of the funds and designates the creditor to whom the monies will be paid independent of the third party whose funds are being used in partial payment of the debt, then the payments made by the debtor to the creditor constitute a preferential transfer. Hence, if the funds are available for payment to the creditors of the debtor

generally the funds are an asset of the estate and payment thereof constitutes a diminution of the estate.

The question the Court must ask is whether the funds of the third party were available for use by the debtor generally or were the funds solely available for the purpose of discharging a particular debt to a particular creditor. *See, Inter-State National Bank of Kansas v. Luther (In re Garden Grain and Seed Company)*, 221 F.2d 382 (10th Cir.1955); *Smyth v. Kaufman (In re J.D. Koplik & Co.)*, 114 F.2d 40 (2nd Cir.1940).

In the case at bar, the Debtor made two payments to Cove State Bank in check form in the amounts of $7,900.43 and $5,000.00 respectively. The $5,000.00 check on the account of J. & D. Finance Company was signed by the Debtor and the Debtor directed that payment be made to Cove State Bank. This transfer, on its face, was directed solely by the Debtor. By virtue of the Debtor's exclusive control over the disposition of the funds in payment of a personal obligation of the Debtor, the funds were available for payment to creditors of the Debtor generally and constituted an asset of the estate. The $7,900.43 check on the T-Vest Corporation account was tendered to Cove State Bank for the purpose of reducing the balance on the promissory note owed by the Debtor to Cove State Bank. Though the check was not signed by the Debtor, there is no evidence that the use of the funds in the T-Vest account by the Debtor was conditioned upon payment of those funds to Cove State Bank. It is apparent that the Debtor controlled the distribution of funds from the T-Vest Corporation account. As a result of that control, the funds used by the Debtor for the payment of Cove State Bank were available to the creditors of the Debtor generally and constituted assets of the estate. The payments to Cove State Bank, therefore, were made with property of the estate. The payments resulted in a diminution of the estate and thereby constituted a preferential transfer of the property of the estate.

For the foregoing reasons an order shall be entered declaring the payment of the $7,900.43 and the $5,000.00 by the Debtor to Cove State Bank a preferential transfer in violation of 11 U.S.C. Section 547(b).