In the Matter of Jerome H. SCHWARTZ, Debtor.

Jerome H. SCHWARTZ, Plaintiff,

v.

PITMAN–MOORE, INC. and Johnson & Johnson, Defendants.

Adv. No. 85–0117–7.

United States Bankruptcy Court, W.D. Wisconsin.

Oct. 8, 1985.

Kenneth J. Doran, Smoler, Albert & Rostad, S.C., Madison, Wis., for plaintiff.

Jeffrey E. Altshul, Kohner, Mann & Kailas, S.C., Milwaukee, Wis., for defendants.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Bankruptcy Judge.

These cross-motions for summary judgment arise in an adversary proceeding filed by the debtor Jerome H. Schwartz ("Schwartz") against Pitman-Moore, Inc. and Johnson & Johnson, Inc. to recover a preference and to impose punitive damages for violation of the automatic stay. The adversary proceeding is brought pursuant to sections 362, 522(h), 522(i), 547(b) and 550 of the Code.

In 1982 the debtor purchased goods from Pitman-Moore, Inc. ("PM"). The goods were not paid for in full and on November 2, 1984, PM obtained a state court judgment in the amount of $1,598.58. Execution on the judgment was pursued and it resulted in payments by money order to the sheriff of Jefferson County in the amount of $500.00 on or about January 3, 1985, and $500.00 on or about January 7, 1985. The second money order was drawn by Fort Animal Hospital, Inc. and the first probably was as well, but the record is unclear. Fort Animal Hospital is the debtor's veteri-

nary business. It is wholly owned by Krazy "J" Ranch, Inc., which in turn is wholly owned by the debtor, Jerome Schwartz. On January 30, 1985, Schwartz filed a chapter 7 petition with this court. In his schedule B–4 the debtor listed the $1,000.00 in question as exempt property.

The $1,000.00 which was paid to the sheriff was transferred to the Jefferson County Clerk of Courts. Subsequently the clerk paid $940.00 ($1,000.00 less $60.00 execution costs) to PM's attorneys Kohner, Mann & Kailas, S.C. by check on February 26, 1985, almost one month after the automatic stay went into effect, and after PM had received notice of the bankruptcy filing. This check was negotiated on March 1, 1985. Thereafter the debtor by his attorney made demands for the return of the funds.

On April 22, 1985, the debtor filed a complaint under 11 U.S.C. §§ 522, 547 and 550 to recover as a voidable preference the $1,000.00 which he had paid on account of PM's judgment. On June 25, 1985, the debtor filed an amended complaint requesting judgment for $940.00 plus attorneys' fees and punitive damages. The debtor alleged an additional ground of recovery under 11 U.S.C. § 362(h) for violation of the automatic stay in that the execution process was not completed as of January 30, 1985, the date when the automatic stay went into effect. The debtor further alleged that the defendant PM took no action to terminate the execution process but caused and permitted it to continue in knowing and deliberate violation of section 362(a). Thus, the debtor is stating both a claim for recovery of a preference and a claim for willful violation of the automatic stay under section 362(h).

PM filed motions to dismiss, and the court ordered the matter treated as cross-motions for summary judgment. Both parties have filed affidavits. PM states seven grounds entitling it to prevail. Principal reliance is placed on the contention that venue is improper under 28 U.S.C.

§ 1409(b). The other principal ground is that codefendant Johnson & Johnson, Inc. is not a proper party to the action. This ground has been rendered moot by the court's decision on July 9, 1985 to dismiss Johnson & Johnson as a codefendant in this action. PM also cites five other grounds in support of its position all of which are without any merit.

28 U.S.C. § 1409(b) states

Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $1,000 ... only in the district court for the district in which the defendant resides.

Pursuant to 28 U.S.C. §§ 1334(b) and 157 this court has jurisdiction of this proceeding subject only to any applicable venue restriction under section 1409(b).

Although the plaintiff amended his complaint, apparently in part because of a misconception concerning the amount in controversy, it is clear that the actual amount in controversy is $1,000.00 (not $940.00) plus any costs, fees and punitive damages to which the plaintiff is entitled. The evidence before the court shows that a total of $1,000.00 was transferred to the sheriff's department at PM's behest, even though only $940.00 was ultimately paid to PM. For purposes of this proceeding the sheriff can be considered to have been acting as PM's agent to collect the debt owed to it. Any execution fees, even though statutory in nature can fairly be charged to PM's account. It is thus proper for the debtor to seek to recover the entire $1,000.00 from PM under 11 U.S.C. §§ 522, 547 and 550.

This result is clear from even a cursory reading of the Code. Section 547(b) allows the avoidance not only of transfers to a creditor, but also transfers "for the benefit of a creditor...."[1] Section 550(a) provides

---

1. 11 U.S.C. § 547(b) states:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any trans-

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

■ It is clear that the $1,000.00 in question was transferred for the benefit of PM. Thus, the "value of such property" ($1,000.00) may be recovered in full from PM whether or not the check it received from the clerk of court was in that amount. In *In Re Milwaukee County Conservation*, 47 B.R. 846, 847 (Bankr.E.D.Wis. 1985); *see also In Re Furniture Den, Inc.*, 12 B.R. 522 (Bankr.W.D.Mich.1981). Since $1,000.00 is the actual amount in controversy the venue restriction of 28 U.S.C. § 1409(b) is not applicable to this proceeding and venue is proper in this court.

In count six of its motion PM alleges that it is incorporated under the laws of New Jersey in the district of New Jersey and has not designated any authorized agent for service of process in the state of Wisconsin. Under Bankruptcy Rule 7004(d) "the summons and complaint and all other process except a subpoena may be served anywhere in the United States." Rule 7004(b)(3) provides for service by first class mail upon a domestic corporation

by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment

or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

■ An examination of the file shows that a summons was issued in this proceeding on April 22, 1985 and that a copy of the summons and complaint was mailed on April 24, 1985. An examination of the service list shows that one copy of the summons and complaint was sent to "Pitman-Moore, Inc., Washington-Crossing, New Jersey, 07882." It is not possible from an examination of the service list to tell whether the Rule 7004(b)(3) requirement that such service by mail be directed to the attention of an officer, or a managing or general agent was complied with. However, in count six of its motion to dismiss the defendant complains only that Pitman-Moore has not designated any authorized agent for service in the state of Wisconsin. Nowhere in its motion to dismiss does PM complain about a violation of Rule 7004(b)(3). Therefore any objection to the mode of service based on Rule 7004(b)(3) has been waived by the defendant.

■ In its brief in support of its motion PM asserts that the debtor has no standing because the trustee has not sought to recover the alleged preference. This contention is meritless and completely ignores the debtor's own avoidance and recovery powers under 11 U.S.C. § 522(h) and (i). PM has not alleged any facts which would make the debtor ineligible to recover under section 522 of the Code. The debtor has properly exempted the funds in question and thus may bring his own action pursuant to section 522(g), (h) and (i). The debt-

fer of an interest of the debtor in property—
(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made—
(A) on or within 90 days before the date of the filing of the petition, or
(B) between ninety days and one year before the date of the filing of the petition, if such

creditor at the time of such transfer was an insider;
(5) that enables such creditor to receive more than such creditor would receive if—
(A) the case were a case under chapter 7 of this title;
(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

or also has standing to bring a claim under section 362(h) since he alleges financial injury to himself as a result of a violation of the automatic stay.[2]

In counts two, three, and five of its motion PM alleges respectively 1.) that the debtor does not state a claim upon which relief can be granted, 2.) that the debtor is not a proper party in interest, and 3.) that the court lacks jurisdiction because:

> the plaintiff, Jerome H. Schwartz, has not made any payment as alleged in the complaint to defendants, but rather, that upon information and belief ... a third party made the payments alleged in plaintiff's complaint.

Affidavits filed by the parties show that the debtor made two $500.00 payments to the Jefferson County Sheriff's Department under threat of execution. These payments were made during the section 547 preference period. $940.00 of the $1,000.00 total was remitted by check to PM's attorneys after the automatic stay went into effect. The check was negotiated by PM's attorneys after they knew that the automatic stay was in effect.

The only real dispute concerns the fact that the second of the debtor's $500.00 payments to the sheriff was by a money order showing as drawer "Fort Animal Hosp. Inc." rather than Jerome Schwartz individually. Fort Animal Hospital is owned by Krazy "J" Ranch, Inc. which in turn is solely owned by the debtor Jerome Schwartz. The debtor states in his affidavit that although the

> original source of the funds executed on was withdrawal [sic] from the business ... the funds were my property when acquired by the sheriff, and not property of the corporation.

It does not appear from the record whether Schwartz or the Animal Hospital was drawer on the *first* check or money order for $500.00. This is irrelevant in any event since section 547(b) allows the trustee (and the debtor under section 522) to avoid "any transfer of an interest of the debtor in property...." Where funds of a third party are under the sole control of the debtor and are generally available for payment to creditors of the debtor's choosing, then the funds in question are an asset of the bankruptcy estate and the preferential transfer of such funds may be avoided. *In Re Jaggers*, 48 B.R. 33, 37 (Bankr.W.D.Tex. 1985).

■ The *Jaggers* case is analogous to the proceeding at bar since it involved a preferential transfer from assets of a corporation entirely owned by the debtor and his wife. The debtor had unfettered control over the disposition of corporate assets, and freely used them to discharge personal obligations. The court in *Jaggers* thus found that the test for a preferential transfer had been met. In the proceeding at bar the undisputed facts are that the debtor withdrew funds from his wholly owned business in order to respond to an urgent financial crisis. Whether title to the funds was technically in the corporation at the time they were paid over to the sheriff is irrelevant, since the funds were under the debtor's control and were used to satisfy the debtor's personal obligation to PM. Thus the transfer constitutes a voidable preference under 11 U.S.C. §§ 522(h) and 547 which the debtor may recover under sections 522(i) and 550. Since there is no genuine issue of material fact concerning this transfer, the plaintiff is entitled to summary judgment on his preference claim.

■ The receipt of the funds by PM's attorneys after they knew that the automatic stay was in effect raises a question as to whether PM has willfully violated the automatic stay. Liability under 11 U.S.C. § 362(h) for punitive damages and attorney's fees cannot be determined without making a factual determination of the attorney's actions and the intention of PM and the attorneys reflected by those ac-

---

**2.** 11 U.S.C. § 362(h) provides:
An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

tions. Since a question of material fact exists on this point neither party is entitled to summary judgment on the section 362(h) claim.

Upon the foregoing facts and analysis I conclude that:

1. Venue is proper under 28 U.S.C. § 1409(b) because the amount in controversy is at least $1,000.00.

2. The court has personal jurisdiction over the defendant PM because service was proper under Bankruptcy Rule 7004(b)(3).

3. The debtor Jerome Schwartz has standing to bring this adversary proceeding under section 362(h) and also pursuant to the debtor's avoidance and recovery powers under section 522(h) and (i).

4. The debtor is entitled to summary judgment on his preference claim in the amount of $1,000.00. Under the American Rule the debtor as prevailing party is entitled to costs but is not entitled to attorney's fees on the preference claim since no specific statutory ground exists for such an award.

5. Neither party is entitled to summary judgment on the section 362(h) claim for violation of the automatic stay. A pretrial on this issue will be scheduled by the court.

Judgment may be entered accordingly.