979 F.2d 854
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Roger M. ATKINS; Joyce Atkins, Debtors.
Ronald A. WATSON, as Trustee of the Estate of Roger M.
Atkins and Joyce J. Atkins, Plaintiff-Appellant,
v.
RAGEN, TREMAINE, KRIEGER, SCHMEER & NEILL, an Oregon
Partnership; Davis, Wright & Tremaine, an Oregon
Partnership, Defendants-Appellees.
 No. 91-35938.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1992.
Decided Nov. 20, 1992.
 
 Before TANG, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ronald A. Watson, Chapter 7 trustee (Trustee), appeals the summary judgment dismissing his complaint to recover payments made by Debtors' wholly owned corporation to Ragen, Tremaine, Krieger, Schmeer & Neill (Ragen). The Trustee asserts that the payments should be considered property of the Debtors because Debtors owned and controlled the corporation. We affirm.
 
 BACKGROUND FACTS
 
 3
 Roger M. Atkins and Joyce J. Atkins (Debtors) were the sole shareholders, officers and directors of Atkins & Associates, Inc., which was engaged in selling insurance. In March 1987, Debtors agreed to buy Corbett-Smith Insurance (Corbett). Corbett eventually sued Debtors for breach of contract and Debtors retained Ragen to defend the lawsuit. In October 1987, Debtors transferred their interest in the Corbett purchase contract to Atkins & Associates, including the obligation for costs of defending the lawsuit, and the corporation also retained Ragen.
 
 
 4
 On January 24, 1989, Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code. The Trustee filed an adversary proceeding to recover $36,046.94 paid by Atkins & Associates to Ragen within 90 days prior to the filing of the bankruptcy, as a preference pursuant to 11 U.S.C. § 547(b).[1] The bankruptcy court granted summary judgment for Ragen on the ground that the payments did not constitute property of the debtors. The district court affirmed.
 
 DISCUSSION
 
 5
 Section 547 of the Bankruptcy Code permits the trustee to avoid certain transfers of property made by the debtor prior to filing bankruptcy which operate to prefer one creditor over other creditors. See Begier v. Internal Revenue Serv., 496 U.S. 53, 58, 110 S.Ct. 2258, 2262-63, 110 L.Ed.2d 46 (1990). To recover the transferred property for the benefit of the estate, the trustee must prove that "an interest of the debtor in property" was transferred to a creditor of the debtor. 11 U.S.C. § 547(b); Danning v. Bozek (In re Bullion Reserve of N.Am.), 836 F.2d 1214, 1216-17 (9th Cir), cert. denied, 486 U.S. 1056, 108 S.Ct. 2824, 100 L.Ed.2d 925 (1988).[2] The test for determining whether the transfer involved the debtor's property is whether the transfer resulted in a diminution of the estate--i.e., whether that property would have been part of the estate had it not been transferred before the commencement of bankruptcy proceedings. Begier, 496 U.S. at 58, 110 S.Ct. at 2263; see Bullion Reserve, 836 F.2d at 1217.
 
 
 6
 A debtor's interest in particular property is defined by state law. Barnhill v. Johnson, --- U.S. ----, 112 S.Ct. 1386, 1389, 118 L.Ed.2d 39 (1992). A corporation is a separate legal entity, with its own assets and creditors. Cf. Amfac Foods, Inc. v. International Sys. & Controls Corp.,% 654 P.2d 1092, 1098, 1100 (Or.1982) (in banc) (shareholders are not liable for corporate debts). Although a debtor must list corporate stock as an asset in the petition, corporate assets are not included in the shareholder debtor's bankruptcy estate. See Wynne v. Streetman (In re Russell), 121 B.R. 16, 17-18 (Bankr.W.D.Ark.1990); Kolinsky v. Russ (In re Kolinsky), 100 B.R. 695, 701 (Bankr.S.D.N.Y.1989). But cf. In re Baker, 68 B.R. 360, 363 (Bankr.D.Or.1986) (debtors' wholly owned corporation became asset of estate when petition was filed by debtors doing business as corporation).
 
 
 7
 In this case, the evidence shows that the money transferred to Ragen had been held in the checking account of Atkins & Associates. The only inference which can be drawn is that the money belonged to the corporation. The corporate checking account is not an asset of Debtors' bankruptcy estate, and Debtors have no interest in those funds, within the meaning of section 547(b). The transfer of corporate funds was not a transfer of estate assets.
 
 
 8
 The Trustee argues that Debtors, as owners and officers of Atkins & Associates, had absolute control over which corporate creditors were paid and therefore payments by the corporation were property of the Debtors, under the reasoning of Knapp v. Applewhite (In re Knapp), 119 B.R. 285, 286 (Bankr.M.D.Fla.1990); Howdeshell v. Dunham-Bush, Inc. (In re Howdeshell), 55 B.R. 470, 474 (Bankr.M.D.Fla.1985); Schwartz v. Pitman-Moore, Inc. (In re Schwartz), 54 B.R. 321, 325 (Bankr.W.D.Wis.1985); and Hargadon v. Cove State Bank (In re Jaggers), 48 B.R. 33, 36-37 (Bankr.W.D.Tex.1985).
 
 
 9
 The "source of control" analysis applied in those cases is inapplicable for two reasons. First, Debtors transferred the responsibility for legal fees to Atkins & Associates when they transferred the Corbett contract in October of 1987. The transfer of both the contract and the accompanying obligation occurred well outside the preference period and cannot now be attacked by the Trustee. Thus, payment to Ragen was a payment to a creditor of the corporation itself. Even if Ragen was also a creditor of the Debtors, it was no less a creditor of the corporation. Second, the Trustee assumes that because Debtors, as officers of the corporation, directed the payment of corporate funds for corporate debts, Debtors could also direct the payment of corporate money for personal purposes. However, there is no evidence that Debtors used corporate funds for personal debts. If the Trustee's approach were carried to its logical end, all the corporate assets would be available to all debtors' creditors. This reasoning ignores the separate legal existence of corporations.
 
 
 10
 Huennekens v. Tye (In re Kel-Wood Timber Prods. Co.), 122 B.R. 498, 501 (Bankr.E.D.Va.1990), is also inapposite because there is no evidence that Atkins & Associates owed money to Debtors. The corporate resolution recites that the consideration for the transfer of the Corbett business was the corporation's assumption of defense costs and "other consideration to be determined at a later time." However, the quoted language is far too vague to establish the present existence of a debt. Even if it is a promise by the corporation to do something in the future, there is no evidence that, at the time of the bankruptcy filing, the "consideration" had been determined and was owed by the corporation to Debtors. At any rate, the "other consideration" was over and above the legal fees in question here; there is no indication that those fees discharged any additional debt in whole or in part.
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 All statutory references are to the Bankruptcy Code, Title 11 of the United States Code
 
 
 [2]
 Begier and Bullion Reserve considered the pre-1984 version of § 547(b), which used the phrase "property of the debtor." This language was changed in 1984 to "an interest of the debtor in property," to be consistent with the definition of property of the estate in § 541. The amendment does not affect the applicability of those decisions to this case