ANDREW GENNETT and Another, Appellants, *v.* BERTHA SMITH and Another, Individually and as Administratrices, etc., of FRANK W. SMITH, Deceased, Respondents.

Third Department, March 13, 1935.

*Daniel F. Imrie,* for the appellants.

*John H. Barker* [*Henry W. Williams* of counsel], for the respondents.

McNAMEE, J. Forest B. Wood was the owner of land in North Carolina which he incumbered by way of deed of trust given to secure the payment of money to the plaintiffs. Thereafter he entered into a contract with Frank W. Smith, the intestate of the defendants. By this contract Wood agreed to convey to Smith a fifth interest in the land, and also to retain title to the land for the benefit of Smith, and Smith agreed with Wood to pay to the plaintiffs a part of the money owed to them by Wood. This contract was not recorded. Both contracting parties were residents of New York.

Wood did not retain title to the land, but conveyed it to another, subject to incumbrances, without reference in the deed, or otherwise, to his agreement with Smith. About ten days after this conveyance Wood and his grantee made an agreement according to which the grantee promised to carry out the Smith contract with Wood, but disclaimed personal liability to pay taxes, mortgages or other liens, and accepted " only the legal title to the premises in question, disclaiming any duties or liabilities incident thereto." Wood then assigned whatever rights he had in the Smith agreement, if any, to the plaintiffs.

Upon default in the payments due under the trust deed given to secure the plaintiffs, the land was sold by advertisement and public sale pursuant to the statutes of North Carolina, and this resulted in a deficiency judgment in favor of the plaintiffs. Thereafter the purchaser at the sale under the deed of trust conveyed to the plaintiffs a fifth interest in the premises in question. The plaintiffs have brought this action against the administratrices of Frank W. Smith on his contract with Forest B. Wood, to recover that part of the Wood indebtedness which Smith agreed to pay to the plaintiffs; and the plaintiffs allege that they are " ready, willing and able, and hereby offer to cause to be executed and delivered to the defendants a deed " of a fifth interest in the property mentioned, upon the payment to them of the amount due under the Smith contract.

The plaintiffs contend that they have a right to recover against the defendants on the general principle laid down in *Lawrence* v.

*Fox* (20 N. Y. 268). Under the contract between Wood and Smith it is apparent that there was a direct obligation running from Smith to Wood, and a direct obligation running from Wood to the plaintiffs. This latter obligation, in part, Smith assumed. And had there been no change in the relations of the parties, Smith's estate would have been liable in this action. But when Forest B. Wood disposed of the property which he agreed to hold for Smith, by an absolute conveyance, when he was bound by the agreement to retain title, he violated his contract with Smith. This released Smith from his obligation to perform, and, therefore, to pay these plaintiffs. There can be no creditor beneficiary under such a contract unless the contract has been performed between the promisor (Smith) and the promisee (Wood); and on the failure of the promisee to perform his promise, the right of the creditor beneficiary may not be enforced. (Restatement of the Law of Contracts, § 140.) A third party cannot maintain such an action under the facts of this case, except upon the theory of a derivative right, and such right is subject to the equities between the original parties springing out of the transaction or contract between them; the third party cannot acquire a better right against the promisor than the promisee himself had. (*Dunning* v. *Leavitt*, 85 N. Y. 30, 35; *Pond* v. *New Rochelle Water Co.*, 183 id. 330; *Seaver* v. *Ransom*, 224 id. 233; *Alexander* v. *Equitable Life Assurance Society*, 233 id. 300, 306.)

The judgment should be affirmed, with costs.

HILL, P. J., RHODES, CRAPSER and BLISS, JJ., concur.

Judgment affirmed, with costs.