Anthony R. Corso, J.
Plaintiff contracted to purchase a single-family dwelling partially financed by a Veterans’ Administration mortgage that required, among other items, a *1072 wood infestation report. The contract of sale, dated May 6, 1975, contained a typical termite inspection clause which stated in part, "In the event termite infestation is found, then Seller has the option to correct said infestation at his own cost, or, in the alternative, to refund monies paid on contract to the purchasers and in this event, said contract is deemed null and void.”
The seller retained defendant to perform an inspection of the dwelling. Defendant submitted a wood infestation report utilizing an official Federal Housing Administration (FHA) form which certified that "a qualified inspector * * * by this Company has carefully inspected and sounded all accessible areas of the property * * * for termites” and further certified no active infestation of termites, no evidence of a previous infestation of termites, and no evidence of damage was found. Based upon said report, a mortgage was issued indicating that the FHA was satisfied. Plaintiff, purchaser, also relied upon the certification. The closing took place and title passed on August 28, 1975.
Sometime in September plaintiff started to notice insects described as "ants with wings” within the baement area, including a bathroom and the stairway leading down from the main portion of the dwelling. Calls were made to the defendant and eventually a further inspection was made by the defendant which confirmed that the insects were termites.
Plaintiff brings this action for damages as a result of the defendant’s misrepresentation. It was agreed to at the trial that the cause of action be tried in two parts, the first in order to determine liability and the second, if necessary, to ascertain damages. Therefore, this court will only discuss the liability aspect.
At the trial, plaintiff called as a witness an expert in the field of termite inspection. He testified that he personally inspected the dwelling on January 9, 1976, which revealed that in the kitchen area, the floor tiles had been removed and a portion of the floor was damaged by termites; there was evidence of termite infestation in the basement; termite damage on the stringers of the stairway leading down from the main portion of the dwelling to the basement; in a crawl space behind a bathtub in the basement bathroom it was discovered that the wood studs had sustained damage as a result of termites; damage was further discovered in the doorway and jamb leading to the boiler room; also swarms were seen in the *1073 basement and basement windows. It was also testified to that although the exact date that the infestation began could not be ascertained with any degree of accuracy at the time of defendant’s inspection in July of 1975, said inspection should have revealed termite damage and put an inspector on notice. Although the kitchen floor, which was covered at the July inspection and the entrance to the crawl space was not known of by the inspector, it is reasonable to state that no infestation would have been ascertainable. However, the stairway leading to the basement was not covered in any way and if inspected by the use of a probing implement (pick) or by careful visual observation, infestation damage would have been discovered.
It being that defendant was not hired by the plaintiff and there was no contractual privity, and that the representation of freedom of termite infestation was not made to the plaintiff directly, it could be said that there was no breach of contract. However, the action here is against the termite inspector for damages allegedly resulting from misrepresentation concerning termite condition of the house, the defendant is fully familiar with transactions of the type involved herein. He knew that the property was in the process of being sold; he knew that the FHA required a report, and although he may hot have known the purchaser it has to be inferred that he knew his report was for the benefit of said purchaser and the report would be relied upon by him. Such a representation made by an expert that comes to the attention of another person and is acted upon by him to his detriment, must give such person the right to relief as if the representation had been made to him directly. (Prosser, Torts, [4th ed], § 107, pp 699-710.)
The burden of proof was upon the plaintiff to establish his case by a fair preponderance of the evidence and this burden was adequately met. The contract of sale of the real property was conditioned upon financing. One of the conditions of financing was a report of no infestation. Plaintiff was relying upon the report. The purpose of the certificate was to protect and benefit the purchaser. The contract of sale provided options opened to plaintiff if there was infestation. Defendant’s report certified no infestation and no damage. The testimony of plaintiff’s expert witness, which testimony was neither rebutted nor refuted, was that in July, 1975 at the time of the inspection by defendant there was termite damage. Accordingly, since plaintiff had no knowledge of the infestation and *1074 solely relied upon defendant’s expertise and report which was a misrepresentation of the actual facts, plaintiff is entitled to a finding that defendant is responsible for any consequential damages resulting from the breach of the implied warranty to plaintiff as a third-party beneficiary.
The court having found liability sets down this matter for a hearing as to damages sustained for the 23rd day of March, 1977; at First District Court, Hauppauge, New York, at 2 O’Clock p.m.