■ HOWARD V. BONWELL et al., Respondents, v EUGENE M. STONE et al., Doing Business as E. M. STONE SEPTIC TANK SERVICE, Appellants.—Main, J. Appeal from an order of the County Court of Saratoga County (Williams, J.), entered August 8, 1986, which denied defendants' motion to dismiss the complaint for failure to state a cause of action.

At issue in this appeal is whether defendants, who installed a septic system for a home at the request of a real estate agent, can be held liable to plaintiffs, the subsequent purchasers of that home, for breach of contract and negligence. Accepting the allegations of plaintiffs' complaint as true, as we must on this motion to dismiss *(see, Becker v Schwartz,* 46 NY2d 401, 408), the facts reveal that plaintiffs' contract to purchase the house was contingent upon a building inspection. That inspection revealed that the home's septic system was defective, and the sellers' realtor contacted defendants to have the system repaired. Defendants made those repairs, and their bill was submitted to and paid by the realtor. After plaintiffs took possession of the home, they discovered that the septic system was not functioning properly; ultimately, they employed another contractor to perform extensive repair work on the system. They then commenced this action against defendants, alleging breach of contract and negligence in repairing the septic system.

It is defendants' position that plaintiffs' complaint fails to

state a cause of action for breach of contract because defendants contracted with the realtor, the sellers' agent, to repair the system; plaintiffs were not a party to the contract. County Court found that plaintiffs' action may be maintained under a third-party beneficiary theory, and we agree. As a general rule, a party seeking to recover as a third-party beneficiary under a contract must establish that a valid and binding contract exists between other parties, that the contract was intended for his benefit and that the benefit is immediate rather than incidental (*Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 336). If the party cannot show the intent of the contracting parties to benefit him, he is simply an incidental beneficiary and has no right of recovery (see, *Benedictine Hosp. v Hospital Underwriters Mut. Ins. Co.,* 103 AD2d 553, 556). Emphasizing that we are concerned only with the sufficiency of plaintiffs' complaint and not with evidentiary matters, we believed that plaintiffs have alleged sufficient facts which, if proved, would entitle them to recover under a third-party beneficiary theory. Particularly with respect to the element of intent, we note, as did County Court, that plaintiffs' allegations that all of defendants' dealings were with a real estate company could, if established, create an inference that defendants knew that the house was being sold and that a buyer would benefit from their repairs (see, *Delgado v Kornegay,* 89 Misc 2d 1071, 1073). Accordingly, we are of the opinion that plaintiffs have stated a cause of action for breach of contract.

For similar reasons, we find that plaintiffs have stated a cause of action in negligence. As the Court of Appeals has noted, duty in a negligence case is not defined by privity of contract, although privity may be relevant in determining whether a duty exists (see, *Strauss v Belle Realty Co.,* 65 NY2d 399, 402-403). Thus, the fact that plaintiffs were not in privity of contract with defendants does not, as a matter of law, operate to preclude plaintiffs' negligence claim. Further, contrary to defendants' claim, the fact that plaintiffs suffered an injury to their property rather than an injury to their persons does not mean that duty does not exist (cf., *White v Guarente,* 43 NY2d 356; *Glanzer v Shepard,* 233 NY 236). Finally, we find without merit defendants' argument that plaintiffs are barred from recovery by the doctrine of assumption of risk (see, CPLR 1411).

Order affirmed, with costs. Mahoney, P. J.; Main, Casey, Mikoll and Harvey, JJ., concur.