■ PETER L. DiPASQUALE et al., Appellants, v BAKER-ROOS, INC., et al., Respondents and Third-Party Plaintiffs. ALDEN CENTRAL SCHOOL DISTRICT, Third-Party Defendant-Respondent. —Order reversed on the law, with costs, complaint reinstated and new trial granted. Memorandum: Supreme Court erred when it dismissed plaintiffs' causes of action and complaint in its entirety as against defendants, Baker-Roos, Inc. and Faultless Division of Bliss and Laughlin Industries after opening statements to the jury. Dismissal of a complaint on the plaintiffs' opening statement is strongly disfavored *(Seminara v Iadanza,* 131 AD2d 457, 459). No complaint may be dismissed upon counsel's opening unless the facts as alleged and presented by counsel preclude any possibility of plaintiffs' recovery *(Jurewicz v Lucarelli,* 77 AD2d 751). That situation is not present in the instant record. In our view, the complaint and bills of particulars adequately apprised defendants of plaintiffs' claims of negligence; thus, plaintiffs' causes of action should be reinstated against all defendants and a new trial granted.

All concur, except Boomer, J., who dissents and votes to affirm, in the following memorandum.

Boomer, J. (dissenting). I respectfully dissent.

The trial court properly dismissed this action following plaintiffs' opening statement to the jury. Plaintiff Peter DiPasquale fell from a scaffold and suffered injuries, and he and his wife brought this action against the manufacturer of the scaffold and the manufacturer of the casters that were attached to the footing of the scaffold. From the bills of particulars provided to defendants, it was apparent that plaintiffs claimed that the wheels were improperly and inadequately retained in the scaffold and "that one or more of the wheels came loose causing the scaffold to tip and fall." In his opening statement to the jury, plaintiffs' counsel did not refer to plaintiffs' theory in the bill of particulars that the wheels came loose from the scaffolding causing it to tip over, but claimed, instead, that the casters had no locks or brakes to lock the casters so they could not turn. He contends that the

accident resulted from the use of "nonbreaking-nonlocking" casters, which allowed the scaffold to roll, causing plaintiff to fall.

Counsel's opening statement changed the theory of plaintiffs' cause of action from a claim that the casters were defective because they were inadequately retained in the footing of the scaffold and that one or more of them came loose causing the scaffold to tip, to a claim that the casters were defective because they had no locks or brakes to prevent the scaffold from rolling, which caused plaintiff to fall. By abandoning the theory advanced in the bill of particulars and proposing a new theory in his opening statement, "plaintiff[s'] counsel effectively conceded that he could not make out a prima facie case * * * within the parameters of the [pleadings]" *(Alexander v Seligman,* 131 AD2d 528, 529; *see also, Gilbert v Rothschild,* 280 NY 66, 73). (Appeal from order of Supreme Court, Cayuga County, Sprague, J.—dismiss complaint.) Present—Callahan, J. P., Denman, Boomer, Balio and Davis, JJ.