■ PAUL F. BENZ, JR., Appellant, v THOMAS J. BURROWS et al., Respondents. [594 NYS2d 929] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred by granting defendant Watkins' motion to dismiss the complaint after opening statements at trial. Motions to dismiss at that stage of the litigation are strongly disfavored and should not be granted "unless it is obvious that under no circumstances, and under no view of the testimony to be adduced, can plaintiff prevail" *(Jurewicz v Lucarelli,* 77 AD2d 751, 752; *see also, De Vito v Katsch,* 157 AD2d 413, 416-417; *DiPasquale v Baker-Roos, Inc.,* 156 AD2d 941). In deciding the motion, all allegations of the complaint and statements of plaintiff's counsel must be deemed to be true, and all inferences must be

drawn in plaintiff's favor (see, De Vito v Katsch, supra, at 417-418).

The complaint alleges that plaintiff agreed to purchase residential property from defendants Burrows. The purchase contract required the sellers to provide a test of the septic system. The sellers hired Watkins to perform that test. Watkins performed that test, reported that the present system was unsatisfactory, and recommended two alternative means of repairing the defect or inadequacy. The sellers agreed that a portion of the proceeds of the sale be placed in escrow to pay for repair of the septic system as recommended by Watkins, and the buyer hired a contractor to perform the repair according to one of the alternatives recommended by Watkins. The complaint further alleges that such repair failed and that the buyer's property suffered damage on two occasions by reason of the failure of the septic system. Plaintiff's counsel stated that Watkins knew, when hired by the sellers, that the test of the septic system was to be performed in anticipation of a real estate transaction and that consummation of the sale was dependent upon the results of the test; that plaintiff relied upon the letter report issued by Watkins; and that Watkins' suggested means of repair were relied upon by all of the parties at the time they entered into the escrow agreement.

Under the circumstances, the complaint and counsel's opening statement allege facts that, if established, would prove that plaintiff was a third-party beneficiary of the contract between the sellers and Watkins (see, Bonwell v Stone, 128 AD2d 1013). Moreover, the alleged facts also suffice to show that Watkins, in recommending alternative means of repair, owed a duty to plaintiff, the breach of which would support a cause of action for negligence (see, Ossining Union Free School Dist. v Anderson LaRocca Anderson, 73 NY2d 417; Kidd v Havens, 171 AD2d 336; Bonwell v Stone, supra). Thus, we modify the order to deny Watkins' motion to dismiss and to reinstate the complaint as against that defendant. (Appeal from Order of Supreme Court, Onondaga County, Miller, J.— Dismiss Complaint.) Present—Callahan, J. P., Balio, Doerr, Boomer and Boehm, JJ.