[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
The plaintiffs are owners of shares of common stock in Kollmorgen Corporation. They have brought this action as a class action on behalf of the owners of Kollmorgen common stock (other than the defendant) on a claim that they were third party beneficiaries of a merger agreement between Kollmorgen and the defendants Vernitron Corporation and its wholly owned subsidiary, Vernitron Acquisition Corp., under which Kollmorgen would become a wholly owned subsidiary of Vernitron.
It is the plaintiffs' contention that, under the merger agreement, the common stockholders of Kollmorgen were to receive $25.00 per share in cash from Vernitron for each outstanding share of Kollmorgen common stock. They contend that the defendants breached the merger agreement and, when the breach became publicly known, the price of Kollmorgen stock dropped from a trading price of $23.62 to $16.00 per share.
The defendants have moved to strike the complaint as legally insufficient on the ground that the merger agreement specifically states that it does not confer any rights and remedies on persons other than the parties, Kollmorgen Corp. and Vernitron. Therefore, the plaintiffs are not third party beneficiaries and have no basis for recovery. CT Page 4367
Secondarily, the defendants assert that even if the merger agreement did confer some rights or remedies to third party beneficiaries, the plaintiffs cannot recover because they have failed to allege facts demonstrating that Vernitron had an obligation to proceed with the merger.
Both parties agree that, under section 8.8 of the merger agreement, contract law of the State of New York governs the construction of the merger agreement, without regard to conflicts of law.
 I
The first issue raised by the defendants is whether or not the plaintiffs are intended third party beneficiaries under the merger agreement. The defendants contend it is axiomatic that a third party may sue as a beneficiary of a contract, but only where the contract was intended to benefit the third party. Port Chester Elec. Constr. Corp. v. Atlas, 40 N.Y.2d 652,357 N.E.2d 983, 985, 389 N.Y.S.2d 327, 330 (1976). They argue that the merger agreement expressly states that the shareholders have no rights or remedies under the agreement, citing Sec. 8.6 of the merger agreement which provides:
 Entire Agreement. This agreement constitutes the entire agreement and supersedes all prior agreements and undertakings, both written and oral, among the parties, or any of them, with respect to the subject matter hereof and, except as otherwise expressly provided herein, are not intended to confer upon any other person, any rights and remedies hereunder. (emphasis supplied).
It is the defendants' contention that this section expressly negates enforcement by third parties and that such an express provision in a contract is controlling. The defendants assert that the New York rule is a third party beneficiary cannot enforce a contract in his favor unless the contract clearly expresses an intention to benefit that third party. The defendants have cited a number of New York cases in support of this position, including: Edward B. Fitzpatrick Constr. Corp. v. County of Suffolk, 138 App.Div.2d 446, 525 N.S.Y.2d 863, 866 (2d Dep't 1988), appeal denied, 73 N.Y.2d 807, 534 N.E.2d 315,537 N.E.2d 477 (1988); Cerullo v. Aetna Casualty and Surety Co.,41 App.Div.2d 1, 341 N.Y.S.2d 767, 769 (4th Dep't 1973). CT Page 4368
The defendants cite In re Gulf Oil/Cities Service Tender Offer Litigation, 725 F. Sup. 712 (S.D.N.Y. 1989) as a case analogous to the present action. Gulf Oil involved a suit by shareholders against an acquiring corporation for its failure to consummate a merger agreement. Although it was Delaware law which had to be construed in Gulf Oil, the District court found that state's law in accord with New York law in that whether the parties intended to create a third-party beneficiary turns on contract language. The defendants claim that based on a provision in the Gulf Oil merger agreement reading:
 This agreement . . .(i) constituted the entire agreement . . . among the parties . . . [and] (ii) . . . is not intended to confer upon any other person, any rights or remedies. (Emphasis supplied),
the Gulf Oil court held the plaintiff-shareholders were precluded from arguing that they were the intended third-party beneficiaries.
The defendants argue that since the provision in the present merger agreement is virtually identical in clearly negating any intention by the contracting parties to confer a benefit on any third parties, this merger agreement, as that in Gulf Oil, must be held to preclude any action by the shareholders as third party beneficiaries.
The defendants claim this is so, even if the plaintiffs might be considered incidental beneficiaries of the agreement, that is one who might derive some benefit from performance of contract though being neither the promisee nor one to whom performance is to be rendered. New York Law, according to the defendants, give such incidental beneficiaries of the performance of a contract no right to enforce the contract. Port Chester Elec. Constr. Corp. v. Atlas, 40 N.Y.2d 652, 357 N.E.2d 983,985, 389 N.Y.S.2d 327, 330 (1976).
The plaintiffs, on the other hand, contend that the merger agreement creates a direct obligation requiring the defendants to pay Kollmorgen common shareholders $25.00 in cash for each share. The merger agreement also required direct shareholder action as a condition precedent, viz., affirmative shareholder approval. This condition was met by the plaintiffs and other class members. Thus, the defendants' contractual obligation to pay and the CT Page 4369 affirmative shareholder vote required to effectuate the agreement were each material and important parts of the merger agreement.
Moreover, the plaintiffs claim that the complaint is adequate to fairly apprise the defendants of the nature of the action and the factual claims underlying the relief requested.
The plaintiffs note that in the recitals section of the merger agreement it is provided that the merger be accomplished as "in the best interest of their [Kollmorgen's and Vernitron's] respective shareholders." Sections 1.6(a), 1.8(b) and 8.6 of the Agreement detail the manner in which the individual Kollmorgen shareholder was to receive the payment of $25.00 per share. As indicated, Sections 6.1(1) and 2.9 of the agreement specifically conditioned the merger on the adoption and approval of the agreement by each Kollmorgen shareholder. To achieve this approval, the defendants agreed to provide Kollmorgen shareholders with relevant information (Section 2.9) and to reasonably cooperate with Kollmorgen to facilitate the preparation and filing of SEC documents and to mail proxy statements to Kollmorgen shareholders (Section 5.1).
The plaintiffs claim that these sections and other sections in the agreement adequately establish express provisions for shareholders rights and the corresponding obligations of the defendants. The plaintiffs, therefore, emphasize a different phrase in Section 8.6 than the defendants. Namely:
 Entire Agreement. This agreement constitutes the entire agreement and supersedes all prior agreements and undertakings, both written and oral, among the parties, or any of them, with respect to the subject matter hereof and, except as otherwise expressly provided herein, are not intended to confer upon any other person, any rights and remedies hereunder. (emphasis supplied).
The plaintiffs claim that since the agreement conferred specific rights upon the shareholders of Kollmorgen, those rights are enforceable by the plaintiffs. Moreover, the plaintiffs claim they have alleged and will prove that Vernitron unilaterally breached the agreement which Kollmorgen was ready to complete. The plaintiffs claim that breach deprived the shareholders of their right to receive the $25.00 per share required by the agreement. CT Page 4370
The plaintiff's cite Newin Corp. v. Hartford Accident 
Indemnity Co., 37 N.Y.2d 211, 219, 371 N.Y.S.2d 884, 891 (1975) for the proposition that the essence of third party beneficiary status is the contracting party's intention to secure a direct, as opposed to an incidental, benefit upon one claiming to be a third party. A plaintiff, to be construed as a third party beneficiary, must show: (1) the existence of a valid contract; and (2) the intention to directly benefit a non-contracting third, party. Bonwell v. Stone, 128 App.Div.2d 1013, 513 N.Y.S.2d 547, 549 (3d Dep't 1987).
The plaintiffs note that the contract specifically calls for payment of the $25.00 per share directly to each shareholder. This agreement to directly compensate each shareholder is, according to the plaintiffs, a clear sign of the intention to make the shareholders third party beneficiaries.
 Essential to the status of an intended beneficiary. . . either that "performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary" or that "the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance."
Fourth Ocean Putnam Corp. v. Interstate Wrecking Co., 66 N.Y.2d 38,44, 495 N.Y.S.2d 1, 5 (1985).
The plaintiffs also cite a number of New York cases which emphasis the factor of direct payment to a non-contracting person designated in the agreement. For example, Goodman-Marks Associates, Inc. v. Westbury Post Associates, 70 App.Div.2d 145,420 N.Y.S.2d 26, 28-29, "[W]here performance is to be rendered directly to a third party under the terms of an agreement, the third party is deemed to be an intended beneficiary to the covenant and is entitled to maintain a cause of action for its breach." (Emphasis in the original).
The plaintiffs claim that the New York cases indicate that third party beneficiary status arises regularly from contracts which confer direct benefits on non-contracting parties, whether or not there is an explicit statement of intent to benefit a third party contained in the agreement. The cases they cite seem to bear this out.
The plaintiffs distinguish the Gulf Oil case cited by the CT Page 4371 defendants by noting that there shareholders were specifically excluded by the quoted provision that the agreement ". . . is not intended to confer upon any other person, any rights or remedies." Here, the exclusion is limited by the language" . . . except as otherwise expressly provided herein, are not intended to confer upon any other person, any rights and remedies hereunder."
In any event, the court agrees that the issue of intent to benefit a third party directly, rather than incidentally, is a fact issue not amenable to disposition on a motion to strike.
 II.
On the second issue, the defendants claim that the plaintiffs have not alleged facts adequate to impose upon Vernitron any duty to complete the merger because they have not alleged (1) that Kollmorgen fully performed under the contract and (2) that Kollmorgen satisfied all the conditions precedent to closing.
The defendants cite 2 S. Williston, Contracts, 364A (3d. ed. 1959 and Supp. 1989) for the rule that:
 There can be no donee beneficiary or creditor beneficiary unless a contract has been formed between a promisor and promisee; and if a contract is conditional, voidable, or unenforceable at the time of its formation, or subsequently cease to be binding in whole or in part because of impossibility, illegality, or the present or prospective failure of the promisee to perform a return promise which was the consideration for the promisor's promise, the right of a donee beneficiary or creditor beneficiary under the contract is subject to the same limitation.
The defendants claim that a third party cannot acquire a better right against the promisor than the promisee himself had. Gennett v. Smith, 244 App.Div. 3, 278 N.Y.S. 478, 479 (3d Dep't 1935). Therefore, the defendants claim that to recover on breach of contract an allegation that Kollmorgen fully performed under the merger agreement (and therefore had itself a right to enforce the agreement) is a necessary prerequisite to the plaintiffs' recovery. In similar vein, the defendants claim that the failure of the plaintiffs to allege Kollmorgen's fulfillment of the conditions to closing as set forth in Article IV of the Agreement CT Page 4372 makes the complaint deficient.
 To render a promisor liable on a contract it is incumbent on the part of the third party beneficiary to show due performance of the conditions by the promisee for only in that event would the promisor be liable.
General Accident Fire Life Assur. Corp. v. Margolis, 116 N.Y.S.2d 209, 211 (Sup.Ct., Kings Co. 1952).
The court agrees that the plaintiffs have not alleged that Kollmorgen fully performed its obligations under the contract or fully performed the conditions to the closing. The complaint therefore fails to state a cause of action in breach of contract.
The plaintiffs nevertheless claim they have adequately pleaded a cause based on promissory estoppel. The plaintiff's claim that federal and state courts have demonstrated an increasing willingness to apply New York's doctrine of promissory estoppel to divergent fact patterns, citing Trilogy Variety Stores Ltd. v. City Products Corp., 523 F. Sup. 691, 697
(S.D.N.Y. 1981). The elements of promissory estoppel, the plaintiffs allege, are: (1) a clear and unambiguous promise; (2) a reasonable and foreseeable reliance by the party to whom the promise is made; and (3) an injury sustained by the party asserting the estoppel by reason of his reliance. Ripple's of Clearview, Inc. v. Le Havre Associates, 88 App.Div.2d 120,452 N.Y.S.2d 447, 449 (2d Dep't 1982).
The plaintiffs assert that here they have all the elements necessary to state a claim for promissory estoppel. Defendants made an unequivocal promise to pay $25.00 per share to Kollmorgen shareholders. This promise was made directly by public announcements and in the proxy statements prepared for the stockholders' meeting. Plaintiffs relied on the promise by purchasing or retaining their stock in Kollmorgen and in voting to adopt and approve the merger. The plaintiffs claim that when the defendants wrongfully failed to consummate the merger, plaintiffs were damaged by the resulting substantial fall in the price of Kollmorgen stock.
This may or may not be provable, but that claim has not been pleaded nor has such relief been requested. What has been pleaded is a breach of contract action. CT Page 4373
While the court agrees in a properly pleaded complaint, the plaintiff's have established that they are third party beneficiaries for the purpose of maintaining this action, nonetheless for the breach of contract action, the complaint is deficient for failure to allege performance of the contract by Kollmorgen or that Kollmorgen complied with the conditions to closing.
The motion to strike is granted.
NIGRO, J.