■ THOMAS G. BAKER et al., Appellants, v COMMUNITY FINANCIAL SERVICES, INC., Respondent, et al., Defendant. [629 NYS2d 919] —Order and judgment affirmed without costs. Memorandum: Supreme Court properly granted summary judgment to defendant Community Financial Services, Inc. (Community) dismissing the complaint of plaintiffs against it. The complaint alleged breach of a contract of which plaintiffs were third-party beneficiaries. Community presented evidence that an escrow agreement between Community and defendant Lillian Warner was intended to benefit Community, by protecting the

value of the collateral securing Community's mortgage loan to plaintiffs, and Warner, by allowing the closing to go forward although certain repair work remained incomplete. Plaintiffs were, at best, incidental beneficiaries of the escrow agreement (*see, Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38, 44-46; *cf., Bonwell v Stone*, 128 AD2d 1013). Plaintiffs failed to submit evidence sufficient to raise a factual issue concerning their status as third-party beneficiaries. We have examined the remaining contentions raised by plaintiffs and conclude that they lack merit.

All concur except Balio, J., who dissents in part and votes to modify in the following Memorandum.

Balio, J. (dissenting in part). I respectfully dissent in part. Plaintiffs contracted to purchase a residence from defendant Lillian Warner. Plaintiffs made application to defendant Community Financial Services, Inc. (Community) for financing. An engineer employed by Community inspected the premises and observed that a drainage problem in the basement of the residence had not been corrected. Because the problem could not be corrected in the wintertime and prior to the scheduled closing date, Community required Warner to escrow the sum of $750 to cover the estimated cost of repairs. The escrow agreement further provided that Warner would complete the necessary repairs by June 1, 1990 and that, if Warner failed to do so, Community could complete the work and Warner would be obligated to pay the cost of repairs that exceeded the escrow amount. Warner did not repair the defect, and plaintiffs' efforts to require Community to address it were unsuccessful. Plaintiffs eventually employed a contractor to correct the problem at a cost of $14,000.

Supreme Court erred in concluding that plaintiffs failed to raise a factual issue whether they were intended third-party beneficiaries of the escrow agreement. The escrow agreement was a requirement for Community's commitment to finance the purchase of the property. The parties to the agreement knew that plaintiffs were buying the house and that plaintiffs would benefit from the repairs (*see, Bonwell v Stone*, 128 AD2d 1013). Those circumstances were sufficient to present a factual issue whether the parties " 'intend[ed] to give the beneficiary the benefit of the promised performance' " (*Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38, 44, quoting Restatement [Second] of Contracts § 302 [1] [b]). Thus, I would modify the order by denying the cross motion for summary judgment dismissing the complaint. (Appeal from Order and Judgment of Supreme Court, Oneida County, Murad, J.—

Dismiss Complaint.) Present—Pine, J. P., Fallon, Doerr, Balio and Boehm, JJ.