Glazer v Socata, S.A.S. (2019 NY Slip Op 02254)





Glazer v Socata, S.A.S.


2019 NY Slip Op 02254


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CURRAN, AND WINSLOW, JJ.


1465 CA 18-00646

[*1]KENNETH GLAZER, INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATES OF LAURENCE GLAZER AND JANE GLAZER, DECEASED, PLAINTIFF-APPELLANT, AND CATLIN INSURANCE COMPANY, INC., PLAINTIFF-INTERVENOR,
v
SOCATA, S.A.S., ET AL., DEFENDANTS, LIEBHERR-AEROSPACE TOULOUSE SAS, AND LIEBHERR-ELEKTRONIK GMBH, DEFENDANTS-RESPONDENTS. 






KREINDLER & KREINDLER LLP, NEW YORK CITY (DANIEL O. ROSE OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
WILLCOX & SAVAGE, P.C., NORFOLK, VIRGINIA (KEVIN L. KELLER, OF THE VIRGINIA BAR, ADMITTED PRO HAC VICE, OF COUNSEL), AND HARRIS BEACH PLLC, BUFFALO, FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered November 20, 2017. The order, among other things, granted the motion of defendants Liebherr-Aerospace Toulouse S.A.S. and Liebherr-Elektronik GMBH to dismiss the amended complaint against them for lack of personal jurisdiction. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Kenneth Glazer, individually, and as administrator of the estates of Laurence Glazer and Jane Glazer, deceased (plaintiff), appeals from an order that, insofar as appealed from as limited by the brief, granted that part of the motion of defendants Liebherr-Aerospace Toulouse SAS (Aerospace) and Liebherr-Elektronik GMBH seeking to dismiss the amended complaint against Aerospace for lack of personal jurisdiction.
On September 5, 2014, plaintiff's decedents departed the Rochester airport for Florida in an aircraft. During the flight, the plane's cabin allegedly depressurized and caused plaintiff's decedents to lose consciousness, which eventually resulted in a fatal plane crash in open water off the coast of Jamaica. The aircraft was manufactured by defendant Socata, S.A.S. (Socata), a French corporation, and the pressurization system was manufactured by Aerospace, also a French corporation. In his amended complaint, plaintiff alleged, inter alia, that Aerospace was liable for the wrongful death of plaintiff's decedents under theories of negligence, strict product liability, and breach of implied warranty.
On appeal, plaintiff contends that personal jurisdiction over Aerospace was established through Aerospace's contract with Socata to provide the cabin pressurization system. Specifically, plaintiff contends that the contract required Aerospace to provide warranty services in New York for its cabin pressurization system, notwithstanding the fact that such services were never actually provided in New York.
CPLR 302 (a) (1) permits New York courts to exercise personal jurisdiction over any entity that "in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." Jurisdiction can attach on the basis of one [*2]transaction, even if the defendant never enters the state, " so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted' " (Fischbarg v Doucet, 9 NY3d 375, 380 [2007]; see Deutsche Bank Sec., Inc. v Montana Bd. of Invs., 7 NY3d 65, 71 [2006], cert denied 549 US 1095 [2006]). "Purposeful" activities are those by which a defendant, "through volitional acts, avails itself of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws' " (Fischbarg, 9 NY3d at 380; see Cellino & Barnes, P.C. v Martin, Lister & Alvarez, PLLC, 117 AD3d 1459, 1461 [4th Dept 2014], lv dismissed 24 NY3d 928 [2014]).
Initially, we conclude that plaintiff preserved for our review his contention that plaintiff's decedent Laurence Glazer (Laurence) was a third-party beneficiary to the contract between Socata and Aerospace. Nonetheless, we reject plaintiff's attempt to use that theory to establish that Aerospace contracted to supply services in New York and therefore is subject to personal jurisdiction under CPLR 302 (a) (1). To establish that Laurence was a third-party beneficiary, plaintiff has to show, among other things, "that the contract was intended for [Laurence's] benefit" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]; see Logan-Baldwin v L.S.M. Gen. Contrs., Inc., 94 AD3d 1466, 1468 [4th Dept 2012]). Here, however, the contract for the purchase and sale of the cabin pressurization system was clearly intended for the benefit of the contracting parties. While it obliged Aerospace to provide certain warranty services to customers who purchased planes manufactured by Socata, the ultimate beneficiaries were the contracting parties (cf. Logan-Baldwin, 94 AD3d at 1469). Customers, such as Laurence, were at most incidental beneficiaries (see Cole v Metropolitan Life Ins. Co., 273 AD2d 832, 833 [4th Dept 2000]; Baker v Community Fin. Servs., 217 AD2d 979, 980 [4th Dept 1995]).
For the same reason, we conclude that the contract does not establish purposeful conduct on the part of Aerospace to provide services in New York. The purpose of the contract was for Aerospace to provide cabin pressurization systems to Socata to include in the aircraft that it manufactured. Inasmuch as Aerospace's purposeful activity consisted of contracting with Socata to provide a component to the manufacturing of a plane that happened to end up in New York, that activity does not subject Aerospace to personal jurisdiction in New York (see generally Fischbarg, 9 NY3d at 380).
Plaintiff further contends that he is entitled to discovery on the issue of jurisdiction. We reject that contention inasmuch as plaintiff has not made a nonfrivolous showing "that facts may exist to exercise personal jurisdiction" over Aerospace (Williams v Beemiller, Inc., 100 AD3d 143, 153 [4th Dept 2012], amended on rearg 103 AD3d 1191 [4th Dept 2013] [internal quotation marks omitted]; see CPLR 3211 [d]; Peterson v Spartan Indus., 33 NY2d 463, 467 [1974]). Although plaintiff contends that the possibility of an Aerospace-related aviation maintenance company located in New York warrants further discovery, we conclude that plaintiff failed to make the requisite nonfrivolous showing (cf. Peterson, 33 NY2d at 467; Williams, 100 AD3d at 153-154).
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court