OPINION OF THE COURT
Meyer, J.
An action brought by a property owner claiming to be the third-party beneficiary of a contract between a wrecking company, as promisor, and a municipality, as promisee, is an action "arising out of a contract” of the municipality within the meaning of CPLR 9802 and, no notice of claim having been filed until four years after completion of the contract, is barred as to the municipality by that section. Nor may the action be maintained against the wrecking company-promisor by the property owner as a third-party beneficiary, the latter not being an intended beneficiary of the contract. The order of the Appellate Division dismissing the complaint in its entirety should, therefore, be affirmed, with costs.
I
Plaintiff, Fourth Ocean Putnam Corp. (Fourth Ocean), owned the Atlantic Beach Hotel. The hotel was so severely damaged by *40 fire that in 1977 the Incorporated Village of Atlantic Beach (Village), acting under a Village ordinance so authorizing, obtained a court order compelling plaintiff to remove the structure as a public nuisance and as a dangerous, unsafe fire hazard. When plaintiff failed to demolish the structure within the time required, the Village entered into a demolition contract with defendant Interstate Wrecking Co., Inc. (Interstate) as authorized by the Supreme Court order and the ordinance.
The contract called for Interstate to demolish and remove buildings and boardwalk and stated that as demolition progressed all materials and debris were to be removed from the premises and that the lot, after demolition, was to be compacted and graded to "grade level” with dirt. In paragraph 5 the parties also agreed that, "All walls and foundations shall be removed one (1) foot below the elevation of the existing grade of the sidewalk adjacent to it. The slab will be crushed for drainage and all large pieces removed.” Before demolition commenced, Fourth Ocean brought an action for injunction to prevent it, but after a preliminary injunction was denied, the action was, apparently, abandoned. Demolition was concluded in July 1978, at a cost of $86,373.63 to the Village, which subsequently recovered that sum from Fourth Ocean.
In March 1982, Fourth Ocean began construction of new buildings on the site formerly occupied by the hotel. During initial excavation work it discovered that the walls and foundations had not been removed one foot below existing grade nor had the slab been crushed and all large pieces removed as required by the contract. It concedes, however, that it knew at the time that the demolition took place that the boardwalk had not been removed. In July 1982, plaintiff filed a notice of claim against the Village and, in September 1982, commenced this action against both the Village and Interstate.
The first cause of action, for breach of contract, was asserted against both defendants and alleged that plaintiff was a third-party beneficiary of the demolition contract entered into by the defendants, that Interstate failed to remove the concrete foundation and boardwalk, to crush the slab and to remove the large pieces, and that the Village breached its obligation to the plaintiff in failing to supervise and to insure that the contract and the judgment were fully complied with. Plaintiff also pleaded a second cause of action, against the Village alone, for "return of that portion of the cost of demolition which was paid to cover the cost of the removal of the foundation, slab and boardwalk.”
*41 Interstate moved for summary judgment, contending that as a matter of law Fourth Ocean could not be a third-party beneficiary. The Village also moved for summary judgment on the same ground and on the further ground that Fourth Ocean’s notice of claim was not timely served and filed nor was the action timely commenced.
Special Term dismissed the action against the Village as untimely, holding that the claimed breach of contract occurred upon completion of the demolition and that notice of claim had not been filed nor the action begun within the 18 months after completion allowed by CPLR 9802. Defendant Interstate’s motion was, however, denied, the court holding that the contract conferred a benefit upon plaintiff "as the owner of the property where the hazardous structures were demolished,” but that whether such benefit was intended by the parties was a triable issue of fact.
Both Fourth Ocean and Interstate appealed. The Appellate Division modified the order of Special Term by granting Interstate’s motion for summary judgment and dismissing the complaint in its entirety, and otherwise affirmed. It held that, as a matter of law, Fourth Ocean could not be considered a third-party beneficiary because the demolition "was not done to prepare the latter’s property for further income producing development but rather was done to benefit the community at large by removing structurally dangerous and unsafe buildings.” (108 AD2d, at p 8.) The court also noted Fourth Ocean’s recalcitrant posture in regard to the demolition and concluded that plaintiff was merely an incidental beneficiary and could not maintain an action for breach of contract. Fourth Ocean appeals to us as of right on the basis of that modification, thus also bringing up for review that part of the Appellate Division order which affirmed dismissal of the complaint against the Village (Dalrymple v Shults Chevrolet, 39 NY2d 795). We affirm, although as to the third-party claim on somewhat different reasoning.
II
To the extent pertinent to this appeal, CPLR 9802 provides that: "no action shall be maintained against the village upon or arising out of a contract of the village unless the same shall be commenced within eighteen months after the cause of action therefor shall have accrued, nor unless a written verified claim shall have been filed with the village clerk within one year after the cause of action shall have accrued * * * The omission to present a claim or to commence an action thereon within the respec *42 tive periods of time above stated applicable to such claim, shall be a bar to any claim or action therefor against said village”.
Plaintiff’s first cause of action alleges that the Village breached its obligation to plaintiff in failing to supervise and see that the items.of the contract awarded by the Village to Interstate were fully carried out and claims damages of $100,000 for the breach. Its second cause of action repeats and realleges the claimed breach and avers that as a result thereof it is entitled to the return of that portion of the cost of demolition paid by it to the Village which relates to removal of the foundation, slab and boardwalk. Both causes of action, therefore, as pleaded and as argued by the parties, rest either on the contract between the Village and Interstate of which plaintiff claims to be third-party beneficiary (first cause of action), upon an implied in fact obligation resulting from that contract (first cause of action), or upon an implied in law restitution claim resulting from breach of that contract (second cause of action). Both claims are, therefore, either "upon or arising out of a contract of the village,” within the meaning of CPLR 9802.
Plaintiff does not argue otherwise. Rather, although it admits knowledge at the time demolition was completed that the boardwalk had not been removed, it contends that it did not discover until it sought to rebuild that the contract provisions concerning the foundation and slab had not been carried out, and argues by analogy to the foreign object cases, such as Martin v Edward Labs. (60 NY2d 417), that it should be held that its cause of action did not accrue until discovery. For a number of reasons we disagree. First, unlike the situation in Victorson v Bock Laundry Mach. Co. (37 NY2d 395), plaintiff had cause to complain from the moment the demolition work was completed and a ground (the same third-party beneficiary basis on which the present action rests) upon which a claim could be made (id., at p 403). Second, plaintiff was fully aware that the contract had been made, concedes awareness that the boardwalk portion of the contract had not been carried out and as the owner of the property was free to excavate sufficiently to ascertain whether its foundation and slab provisions had been carried out. There is, therefore, no need for a discovery rule as in foreign object cases (see, Martin v Edward Labs., supra, at p 427).
Third, and most importantly, the purpose behind statutes such as CPLR 9802 is to give the municipality early notice of a claim so that investigation can be promptly made and evidence relating to the claim can be preserved (see, Matter of Beary v City of Rye, 44 *43 NY2d 398, 412). A cause of action against a municipality for breach of contract accrues when the breach occurs (Kassner & Co. v City of New York, 46 NY2d 544, 550; Stage v Village of Owego, 39 NY2d 1017, affg on mem at App Div 48 AD2d 985; 4 Corbin, Contracts § 820). To adopt the discovery rule for which plaintiff contends would be inconsistent not only with the purpose of CPLR 9802, but also with the mandate of CPLR 201 that, "No court shall extend the time limited by law for the commencement of an action”, and with the implication arising from the enactment by the Legislature of discovery provisions in those cases in which it deemed discovery the proper rule — CPLR 213 (5) (action by the State for spoliation or other misappropriation of public property); 213 (8) (action based upon fraud); 214-a (action for medical malpractice based upon discovery of a foreign object in the body of a patient); 214-b (action for personal injury caused by contact with or exposure to phenoxy herbicides); Domestic Relations Law § 171 (3); § 200 (4) (action for divorce or separation based on adultery). As we held in Thornton v Roosevelt Hosp. (47 NY2d 780) and have reiterated most recently in Fleishman v Lilly & Co. (62 NY2d 888, 890), "Any departure from the policies underlying these well-established precedents is a matter for the Legislature and not the courts.” Dismissal of the action as against the Village was, therefore, proper.
Ill
Dismissal of the third-party beneficiary claim was also proper.[1] The third-party beneficiary concept arises from the notion that "it is just and practical to permit the person for whose benefit the contract is made to enforce it against one whose duty it is to pay” or perform (Seaver v Ransom, 224 NY 233, 237; see also, Lawrence v Fox, 20 NY 268). The intent to benefit test has, however, been difficult to apply (Port Chester Elec. Constr. Corp. v Atlas, 40 NY2d 652, 655) and a "prolific source of judicial and academic discussion” (Seaver v Ransom, supra, at p 236). The difficulty stemmed in large part from distinctions drawn in the case law between "donee” and "creditor” beneficiaries and between *44 contracts involving a governmental agency on the one hand and those between promisors and promisees all of whom were private parties, on the other.
Recognizing that "the terms 'donee’ beneficiary and 'creditor’ beneficiary carry overtones of obsolete doctrinal difficulties,” the Restatement (Second) of Contracts, has abandoned those terms in favor of "the terms 'intended’ beneficiary and 'incidental’ beneficiary * * * to distinguish beneficiaries who have rights from those who do not” (Restatement [Second] of Contracts ch 14, Introductory Note, at 439). An incidental beneficiary is one who is not an intended beneficiary (Restatement [Second] of Contracts § 302 [2]). Essential to status as an intended beneficiary under subdivision 1 of that section is either that "performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary” or that "the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.”[2] Among the circumstances to be considered is whether manifestation of the intention of the promisor and promisee is "sufficient, in a contractual setting, to make reliance by the beneficiary both reasonable and probable” {id. comment d). And under section 313 (1) the same rules apply to contracts with a government or governmental agency except to the extent that application would contravene the policy of the law authorizing the contract or prescribing remedies for its breach.[3]
We think that the Restatement formulations state the essence of the prior holdings of this court while clearing away some of the unnecessary differentiations and circuitous language set forth in some of those decisions.[4] Thus, the absence of any duty of the promisee to the beneficiary has been held to negate an intention *45 to benefit in both governmental and private contract cases (Moch Co. v Rensselaer Water Co., 247 NY 160, 165; Durnherr v Rau, 135 NY 219, 221; Corporate Leasing v AFA Protective Sys., 101 AD2d 768), but we have also noted in McClare v Massachusetts Bonding & Ins. Co. (266 NY 371, 379) that, "The requirement of some obligation or duty running from the promisee to the third party beneficiary has been progressively relaxed until a mere shadow of the relationship suffices, if indeed it has not reached the vanishing point.” Rather than duty, we have emphasized when upholding the third party’s right to enforce the contract that no one other than the third party can recover if the promisor breaches the contract (Seaver v Ransom, 224 NY 233, 239, supra; see, Matter of International Ry. Co. v Rann, 224 NY 83, 88) or that the language of the contract otherwise clearly evidences an intent to permit enforcement by the third party (McClare v Massachusetts Bonding & Ins. Co., supra; Rigney v New York Cent. & Hudson Riv. R. R. Co., 217 NY 31, 38), as by fixing the rate or price at which the third party can obtain services or goods (Pond v New Rochelle Water Co., 183 NY 330, 336; Little v Banks, 85 NY 258), even though there was no duty of the promisee to the third party.
Here, as i n Matter of American Ins. Co. (Messinger—Aetna Cas. & Sur. Co.) (43 NY2d 184, 189, n 2), we think that analysis and exposition will be advanced by adopting the terminology and concepts of the Restatement. Applying those concepts to the present case as delineated by the motion papers, we conclude, as did the Appellate Division, that plaintiff was an incidental rather than an intended beneficiary. Plaintiff argues that because the work was being performed to satisfy plaintiff’s obligation, the contracting parties must have intended to benefit plaintiff. As the Appellate Division noted, however, the work was being performed not as a means of benefiting plaintiff but to remedy plaintiff’s default in order to protect the public against a public nuisance as authorized by the ordinance. Nothing in the ordinance required inclusion in the contract of the language of paragraph 5 on which plaintiff now seeks to rely. Nor is there anything in the contract other than the inclusion of that language, from the full performance of which plaintiff might ultimately benefit, which suggests an intent to benefit plaintiff. That paragraph cannot, however, be viewed as a promise intended to benefit no one other than plaintiff, for the Village had a contingent interest in its performance arising from the possibility that if plaintiff failed to reimburse it for its contract expenditures it would become owner of the property through forfeiture. Nor is there anything in the contract or in the affidavits suggesting that, within the contemplation of the *46 contracting parties, reliance by plaintiff was reasonable and probable or that plaintiff in fact relied upon the provision.
For the foregoing reasons, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Jasen, Simons, Kaye, Alexander and Titone concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs.

. What plaintiff seeks to enforce against the Village is not any obligation undertaken by the Village in its contract with Interstate for plaintiff’s benefit (the only obligation undertaken by the Village in that contract was to pay the consideration, which it did). Rather, as already noted, plaintiff seeks to imply from the contract an independent obligation on the part of the Village to require full performance by Interstate. Because both claims are barred by CPLR 9802, it is not necessary to consider further the third-party beneficiary claim against the Village.

. The section also provides that intention can be negated by express agreement of the promisor and the promisee and that recognition of the beneficiary’s right to performance must be appropriate to effect the intention of the parties.

. Section 313 (2) provides that: "In particular, a promisor who contracts with a government or governmental agency to do an act for or render a service to the public is not subject to contractual liability to a member of the public for consequential damages resulting from performance or failure to perform unless (a) the terms of the promise provide for such liability; or (b) the promisee is subject to liability to the member of the public for the damages and a direct action against the promisor is consistent with the terms of the contract and with the policy of the law authorizing the contract and prescribing remedies for its breach.”

. E.g., the benefit "must be immediate in such a sense and to such a degree as to indicate the assumption of a duty to make reparation if the benefit is lost” (Associated Flour Haulers & Warehousemen v Hoffman, 282 NY 173, 180; accord, Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 336).