In re **AMERICAN ENVIRONMENTAL SERVICES CO., INC., Debtor.**

**AMERICAN ENVIRONMENTAL SERVICES CO., INC., Plaintiff,**

v.

**BLUE CROSS/BLUE SHIELD OF the ROCHESTER AREA, Defendant.**

**Bankruptcy No. 92–20551. Adv. No. 93–2161.**

United States Bankruptcy Court, W.D. New York.

Jan. 20, 1994.

David D. MacKnight, Lacy, Katzen, Ryen & Mittleman, Rochester, NY, for debtor/plaintiff.

David L. Rasmussen, Harris, Beach & Wilcox, Rochester, NY, for defendant.

## DECISION AND ORDER

JOHN C. NINFO, II, Bankruptcy Judge.

## BACKGROUND

On February 28, 1992, American Environmental Services Co. Inc. (the "Debtor") filed a petition initiating a Chapter 7 case, and on March 13, 1992, the Office of the U.S. Trustee appointed a trustee (the "Trustee"). On July 1, 1993, the Trustee commenced an adversary proceeding against Blue Cross/Blue Shield of the Rochester Area ("Blue Cross") to avoid certain prepetition payments made by the Debtor to Blue Cross. The Complaint alleged that the payments were avoidable by the Trustee as either preferential transfers, pursuant to Section 547, or as fraudulent conveyances, pursuant to Section 548. The $6836.27 in payments which the Trustee seeks to avoid were made on: (1) December 9, 1991 ($434.32); (2) December 19, 1991 ($3060.74); and (3) December 20, 1991 ($3341.21). The parties agree that the payments were made to Blue Cross to pay premiums for health insurance for approximately eleven (11) of the Debtor's employees.[1]

Blue Cross interposed an Answer with affirmative defenses. The principal affirmative defense interposed by Blue Cross in connection with the Trustee's cause of action to avoid the payments as preferential transfers was that Blue Cross was not a creditor of the Debtor within the meaning of Section 101(10) and Section 547(b).

The Court conducted pretrial conferences in this adversary proceeding on September 23, 1993, October 19, 1993 and November 16, 1993. At the November 16, 1993 pretrial, the matter was placed on the Court's Trial Calendar for December 22, 1993.

On December 10, 1993, Blue Cross filed a motion returnable on December 22, 1993 for summary judgment on the preferential transfer cause of action (the "Blue Cross Motion"). The Blue Cross Motion alleged that two of the necessary elements of Section 547(b), which the Trustee bears the burden to prove, were absent in that there was no debtor-creditor relationship between the Debtor and Blue Cross at the time the payments sought to be avoided were made and that the monies paid to Blue Cross were not property of the Debtor's estate.

On December 7, 1993, the Trustee filed a Motion in Opposition to the Blue Cross Motion and in support of the Trustee's Cross–Motion for Summary Judgment (the "Trustee Cross–Motion"). The first paragraph of the Trustee Cross–Motion states that, "[t]he sole issue in this proceeding is whether Blue Cross/Blue Shield of the Rochester Area . . . is a creditor of American Environmental Services Co., Inc. . . . within the meaning of 11 U.S.C. § 547(b)(1)." (Trustee's Cross–Mot. Summ. J. at 1.)

## DISCUSSION

In support of its contention that Blue Cross is not a creditor of the Debtor at the time the payments sought to be avoided were made, Blue Cross attached as Exhibits to its Motion copies of the standard Blue Cross and Blue Shield contracts utilized during 1991. Blue Cross alleges that copies of these contracts were forwarded to each of the Debtor's employees for which the payments sought to be avoided were made and that appropriate health insurance coverage identification cards were issued by Blue Cross to

---

1. It is alleged that the Debtor paid approximately 90% of the premiums and the employees the other 10% which was withheld from their wages.

these employees and qualifying family members. On the cover page of the Blue Cross/ Blue Shield contracts it is stated that, "[t]his is your Contract ... It is issued to the person named on the Identification Card." (Def's Mot.Summ.J. Ex. B at 1.) Paragraph 2 of the first section of the contract states that, "[t]he words 'you' and 'your' mean: (1) the person to whom this Contract is issued...." (Def's Mot.Summ.J. Ex. B at 2.) Paragraph 4 of that section states,

> Direct payment and Group subscriber. You are covered under this Contract as either a direct payment subscriber or group subscriber. If we send our bills for the premiums directly to you, you are a direct payment subscriber. You are a group subscriber if an organization, such as your employer, union or association, arranged for your coverage. To be a group subscriber, you must meet our group eligibility rules. Your group then acts on your behalf as your agent, collecting and/or sending us the premium for this Contract.

(Def's Mot.Summ.J. Ex. B at 2.) Attached as an Exhibit to a supplemental statement filed in support of the Blue Cross Motion was a copy of a January 21, 1990 Group Enrollment Application and Change Request by Greg R. Wolf, an employee of the Debtor, which Blue Cross contends is further evidence that the contracts are clearly between individual subscribers and Blue Cross and not employers such as the Debtor. (Def's Supplemental Mot.Summ.J. Ex. A at 1.)

Attached as Exhibits to a Memorandum of Law in support of the Blue Cross Motion were copies of: (1) this Court's November 2, 1993 Order in the matter of *In re Lauers Furniture, Inc.*, 93–20820, where it found that there was no contractual relationship between Blue Cross and that Chapter 11 debtor based on identical contracts between that debtor and Blue Cross; and (2) a November 13, 1985 Order and transcript of the decision of Bankruptcy Judge Beryl McGuire of the Western District of New York in *In re Afro–Lecon, Inc.*, 85–11085, where in paragraph 6 of the Order, Judge McGuire found that, "[t]he contracts issued by Blue Cross and Blue Shield, respectively, are individual contracts between each of the individual employees of Debtor. Debtor is the agent for its employees to remit the premiums required by the respective contracts issued by Blue Cross and Blue Shield." (Def's Mem. Summ.J. Ex. A at 2.)

The Trustee, in its Memorandum of Law, asserts that there is a debtor-creditor relationship between Blue Cross and the Debtor. The Trustee's contention is that Congress in Section 101(10) and Section 101(5) intended to define "creditor" and "claim"[2] broadly and that under New York law, if performance is to be rendered directly to a third party (in this case, Blue Cross) under the terms of an agreement, that third party is deemed an intended beneficiary entitled to sue for a breach. The Trustee contends that Blue Cross is such a third party beneficiary who would have a cause of action against the Debtor for unpaid premiums because under the subscriber contracts with the Debtor's employees, and pursuant to the Debtor's agreement with its employees, it is contemplated that the Debtor, as the remitting agent, will make all of the premium payments to Blue Cross. Therefore, the Trustee contends Blue Cross is an intended beneficiary with a right to payment from the Debtor and thus should be deemed to be a creditor for purposes of Section 101(10) and Section 547(b)(1).

---

**2.** Section 101(10) provides:

"creditor" means—

(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;

(B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(i) of this title; or

(C) entity that has a community claim.

Section 101(5) provides:

"claim" means—

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

The concept of the third-party beneficiary arises from the notion that "it is just and practical to permit the person for whose benefit the contract is made to enforce it against one whose duty it is to pay" or perform. *Seaver v. Ransom,* 224 N.Y. 233, 237, 120 N.E. 639, 640 (1918). As the New York Court of Appeals has stated, "when upholding the third party's right to enforce the contract … no one other than the third party can recover if the promisor breaches the contract or … the language of the contract otherwise clearly evidences an intent to permit enforcement … even though there was no duty of the promisee to the third party." *Fourth Ocean Putnam Corp. v. Interstate Wrecking Co.,* 66 N.Y.2d 38, 45, 495 N.Y.S.2d 1, 5, 485 N.E.2d 208, 212 (1985).

The Court finds the Trustee's argument that Blue Cross is a creditor of the Debtor on a third party beneficiary theory because it received health insurance premium payments from the Debtor, as the remitting agent for its employees, where the policies in question were arranged for by the Debtor but entered into between Blue Cross and the individual employee subscribers, to be unpersuasive. The Court finds that Blue Cross is not a third party beneficiary under New York law on the facts and circumstances of this case. Although the relationship among the parties in this case was arranged for by the Debtor, it was clearly for the benefit of the Debtor and primarily the Debtor's employees, not Blue Cross. Furthermore, it would be the employees, not Blue Cross, who would have rights against the Debtor for its non-payment of the health insurance premiums if the Debtor breached its agreement with them to pay the premiums either as a wage benefit or as a remitting agent, including possibly filing complaints with the New York State Department of Labor. Therefore, Blue Cross is not a creditor of the Debtor for purposes of Section 547(b)(1).

This Court in *In re Lauers Furniture, Inc.* has previously found, based on identical contracts among the parties (Blue Cross, employees and the group/employer/Debtor) that there was no debtor-creditor relationship between Blue Cross and the group/employer/Debtor. This Court's decision in *In re Lauers Furniture, Inc.* is in agreement with the decision in *In re Afro–Lecon* based on similar contracts.

To the extent that the Trustee's cause of action against Blue Cross to avoid the pre-petition payments made to Blue Cross is dependent upon a finding, in accordance with Section 547(b)(1), that Blue Cross was a creditor of the Debtor, the Trustee has failed to prove that required element, and therefore such payments cannot be avoided as preferential transfers pursuant to Section 547(b). To avoid a transfer pursuant to Section 547(b), a trustee must establish each element under Section 547(b). *In re Jaggers,* 48 B.R. 33, 36 (Bankr.W.D.Tex.1985).

To the extent that the Blue Cross Motion asserts that the payments were not property of the Debtor's estate, it is not necessary for the Court to decide that issue.

## CONCLUSION

The motion of Blue Cross/Blue Shield of the Rochester Area for summary judgment is granted, and the Trustee's Complaint against it pursuant to Section 547(b) is dismissed on the merits to the extent that the Complaint alleges that Blue Cross is a creditor of the Debtor.

**IT IS SO ORDERED.**