■ COMBINED RESOURCES CONSTRUCTION, INC., et al., Appellants, v ANDREW VELEZ CONSTRUCTION, INC., Doing Business as VELEZ ORGANIZATION, Respondent. [672 NYS2d 338] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered April 30, 1997, which, *inter alia*, granted defendant's motion for partial summary judgment dismissing plaintiffs' third-party beneficiary claim, unanimously affirmed, with costs.

At most, plaintiffs were incidental beneficiaries of the settlement agreement in question, since the language of that document did not "clearly evidence 'an intent to permit enforcement by the third-part[ies]'" (*Artwear, Inc. v Hughes*, 202 AD2d 76, 82, quoting *Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38, 45). The provision that defendant was to make "settlement offers to subcontractors [including plaintiffs]" was clearly characterized by the parties to the

settlement as "[i]ndependent" of the gist of the settlement agreement. Moreover, any agreement to pay the subcontractors was explicitly made dependent upon the subcontractors' provision of releases and assignments; in light of this conditional language, no clear intent to permit enforcement of a right by plaintiffs to receive payments can be discerned.

Even if recourse to extrinsic evidence were appropriate in this case, plaintiffs would not prevail. Contrary to the allegations in the complaint, defendant and the general contractor, prior to the former's commencement of a Federal action against the latter, had not reached agreements with plaintiffs to make certain payments. Far from memorializing any purported prior obligations, the eventual settlement agreement in the Federal action emphasized that "[t]his agreement between the parties * * * supersedes any prior agreement between the parties as it relates to said sub-contractors"; this provision is reasonably construed to reflect an intention to dispel any notion that the agreement provides for enforcement of a right by a third party that previously had taken part in unsuccessful negotiations with defendant and/or the general contractor. Concur—Milonas, J. P., Williams, Tom, Andrias and Saxe, JJ.