### In re ENVIRONMENTAL WASTE REDUCTIONS, INC., Debtor.

**Jerry E. Cox, Disbursing Agent, Plaintiff,**

v.

**Jefferson–Pilot Life Insurance Co., Defendant.**

**Bankruptcy No. 96–78457.**

**Adversary No. 98–6673.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Oct. 14, 1999.

Stuart F. Clayton, Jr., Lamberth, Bonapfel, Cifelli & Stokes, P.A., Atlanta, GA, for plaintiff.

Mark C. Walker, Stockbridge, GA, for defendant.

## ORDER

MARGARET H. MURPHY, Bankruptcy Judge.

Before the court are the parties' cross motions for summary judgment. The material facts are undisputed. Debtor's liqui-

dating agent ("Debtor") seeks to recover transfers made to Defendant within 90 days prior to the date the petition was filed.

During the 90 days prior to the date Debtor's bankruptcy petition was filed, Debtor paid Defendant $50,397.19. Those payments represented monthly premiums for health insurance benefits for Debtor's employees. The insurance contract between Debtor and Defendant defines Debtor as the policy holder but the unambiguous terms of the contract identify Debtor's employees as the insured parties. The contract was a group insurance policy which provided health insurance coverage to Debtor's employees. The premiums were paid with funds provided by Debtor's employees. If Debtor failed to pay the monthly premiums within the 31 day grace period, the insurance coverage lapsed. Some of the monthly payments made by Debtor during the preference period were late payments but notice of cancellation of the coverage had not been accomplished when Defendant received the payments, and thus the policy was not cancelled.

Section 547(b) provides that a trustee, or pursuant to § 1107 a debtor in possession, may avoid a transfer of an interest of the debtor in property if the transfer was (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt; (3) made while the debtor was insolvent; (4) made within 90 days before the petition was filed; and (5) enables the creditor to receive more than it would in a Chapter 7 case. In support of its motion for summary judgment, Defendant contends that Debtor has failed to establish that Defendant was a creditor because the insurance contract did not create an antecedent debt within the meaning of § 547(b).

Section 101(10) defines "creditor" as an entity that has a claim against the debtor that arose at the time of or before the petition was filed. "Claim" is defined in § 101(5) as a right to payment. "Debt" is defined in § 101(12) as "liability on a claim." In the case of *American Environ-*

*mental Services Co., Inc. v. Blue Cross/Blue Shield,* 164 B.R. 462 (Bankr. W.D.N.Y.1994), the court analyzed facts very similar to those in the instant case and concluded that the insurance company could assert no right to payment against the debtor and, therefore, payments of insurance premiums made during the preference period were not avoidable. The court recognized the insurance contract as a third party beneficiary contract in which only the employees, and not Blue Cross/Blue Shield, would have any right of action against the debtor upon nonpayment of the premiums. The court concluded the debtor had failed to prove the elements in § 547(b) necessary to establish a preferential transfer.

The contract between Debtor and Defendant is an example of a third party beneficiary contract, as described in *American Environmental Services,* in which the third party beneficiaries are Debtor's employees. Upon Debtor's failure to pay any of the monthly premiums, Defendant acquired no right of action against Debtor to establish a right of payment. If the premium payments were not made, the insurance coverage would be terminated. Debtor's employees could assert claims against Debtor based upon the failure to pay the premiums but nothing in the insurance contract provided Defendant with the right to assert a right to payment, either on behalf of the employees or in Defendant's own right. Therefore, Debtor is unable to establish that Defendant was a creditor or that the payments made during the preference period were made on account of an antecedent debt. *Accord, Rosenberg v. Rollins, Burdick, Hunter Co. (In re Presidential Airways, Inc.),* 228 B.R. 594 (Bankr.E.D.Va.1999). Accordingly, it is hereby

ORDERED that Defendant's motion for summary judgment is granted. Plaintiff's motion for summary judgment is denied.