Neal COHEN and Rick Cucinotta, Plaintiffs–Appellants,

v.

Richard SINGER, Stephen Grabow, Sally Lou Fashions Corp., SL Petites, Inc., and SL Fashions, Inc., Defendants–Appellees.

No. 00–7776.

United States Court of Appeals, Second Circuit.

Feb. 14, 2001.

Alexander H. Schmidt, Wolf, Haldenstein, Adler, Freeman & Herz LLP, New York, NY, for appellants.

Louis I. Fogel, Fogel & Wachs LLP, New York, NY, for appellees.

Present OAKES, STRAUB, POOLER, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiffs–Appellants Neal Cohen and Rick Cucinotta, two of three shareholders in the closely-held apparel manufacturer XTRMZ, Ltd. ("XTRMZ"), appeal from a final judgment entered May 22, 2000, by the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*) dismissing their complaint for lack of jurisdiction and failure to state a claim. In January 1999, the plaintiffs negotiated a spinoff of XTRMZ's "Rhapsody" division, which was operated by Defendant–Appellee Richard Singer, into a separate entity. The plaintiffs provided collateralized personal guarantees in order to secure new financing, and they claim that as an essential part of that transaction, Singer agreed to remain at Rhapsody until at least the end of 1999. Instead, however, Singer left XTRMZ/Rhapsody only a few months later to work for a competing apparel manufacturer, Defendant–Appellee Sally Lou Fashions Corp. and its affiliates, Defendants Appellees SL Petites, Inc. and SL Fashions, Inc. (collectively "Sally Lou"), in April 1999.

In their complaint, the plaintiffs charged Singer with breach of fiduciary duty, breach of his employment agreement, breach of contract by equitable estoppel, and promissory estoppel in connection with his departure from XTRMZ/Rhapsody. The plaintiffs charged Sally Lou and its chief executive officer, Defendant Appellee Stephen Grabow, with tortious interference with Singer's contract, and charged all defendants with tortious interference with prospective economic advantage, unfair competition, and conversion and sought an accounting and imposition of a constructive trust. The District Court dismissed the plaintiffs' complaint for lack of jurisdiction and failure to state a claim, holding that Singer owed no contractual obligation to the plaintiffs, and that to the extent Singer owed contractual or fiduciary duties to Rhapsody or XTRMZ, the plaintiffs lacked standing to assert any claims on behalf of those entities.

Reviewing the District Court's dismissal *de novo*, and "taking as true all allegations in the complaint, and drawing all reasonable inferences therefrom in the [plaintiffs'] favor," *Lanza v. Merrill Lynch & Co.* (*In re Merrill Lynch Ltd. Partnerships Litig.*), 154 F.3d 56, 58 (2d Cir.1998) (per curiam), we agree with each of the District Court's conclusions and therefore affirm for substantially the same reasons. Each of the plaintiffs' claims is premised

on the existence of direct contractual obligations *to them,* based on a "contract" supposedly pieced together from the following components: (1) an agreement, evidenced by two letters between counsel for Singer and for the plaintiffs, in which Singer agreed with the plaintiffs to remain in Rhapsody's employ for at least one year; and (2) a written employment contract between Singer and Rhapsody in which Singer made the same one-year commitment.

■ As the District Court concluded, however, this "contract" amounted to no more than an "agreement to agree," and does not bear the indicia of a binding preliminary agreement. We consistently look to four factors in determining whether the parties to a preliminary agreement intended to be bound: (1) the language of the agreement; (2) the existence of open material terms; (3) whether there has been partial performance; and (4) the necessity of putting the agreement in final form as indicated by the customary form of such transactions. *See, e.g., Adjustrite Sys., Inc. v. Gab Bus. Services, Inc.,* 145 F.3d 543, 549 (2d Cir.1998). Here, the agreement's language—the most important of the four factors, *see id.*—explicitly characterizes the agreement as an "agreement in principle" and a "letter of intent," and explicitly makes binding agreement "subject to and contingent upon" formal agreement between the parties on the terms and conditions of the employment agreement with XTRMZ/Rhapsody and the shareholders' agreements—which never formally were concluded. A31–33. We have reviewed the remaining claims in the plaintiffs' complaint concerning equitable estoppel, promissory estoppel, and tortious interference with contract and agree with the District Court that the plaintiffs have not advanced sufficient grounds in support of any of them.

■ To the extent that the plaintiffs have advanced any valid legal claims, those claims properly belong to XTRMZ and/or Rhapsody, and the plaintiffs therefore lack standing to assert those claims. For example, if a valid employment agreement was concluded between Singer and XTRMZ/Rhapsody, the plaintiffs clearly were neither parties to nor third-party beneficiaries of that agreement. *See Fourth Ocean Putnam Corp. v. Interstate Wrecking Co.,* 66 N.Y.2d 38, 44–45, 495 N.Y.S.2d 1, 485 N.E.2d 208 (1985). As the District Court noted, since XTRMZ apparently is in Chapter 7 bankruptcy proceedings, it is within the authority of the bankruptcy trustee, rather than the plaintiffs, to advance any breach of fiduciary duty claims that may exist in favor of the corporate entities to which duties may be owed.

■ Finally, the District Court did not abuse its discretion by denying the plaintiffs leave to amend their complaint. Although Fed.R.Civ.P. 15(a) provides that district courts should freely grant leave to amend when justice so requires, it is proper to deny leave to replead where there is no merit in the proposed amendments or amendment would be futile. *See Health–Chem Corp. v. Baker,* 915 F.2d 805, 810 (2d Cir.1990); *Leonelli v. Pennwalt Corp.,* 887 F.2d 1195, 1198 (2d Cir.1989).

Accordingly, for the foregoing reasons, the judgment of the District Court is AFFIRMED.