◼ ROBERT BURTON, Appellant, v MILLROCK OWNERS CORPORATION et al., Respondents. [724 NYS2d 597] —Order, Supreme Court, New York County (Eileen Bransten, J.), entered December 17, 1999, which, inter alia, granted defendants' motions for summary judgment dismissing the complaint in this action for specific performance of a contract for sale of a cooperative apartment and for damages, unanimously affirmed, with costs.

Plaintiff's claim that his mother acted as his agent in contracting with defendant vendor EMC for the purchase of the stock and transfer of the proprietary lease appurtenant to an apartment in defendant residential cooperative is not supported by the record. The affidavit assertions of plaintiff's mother and her lawyer that she had entered into the contract as her son's "nominee and agent" are conclusory and were set forth well after her application had been denied by defendant Millrock's Board of Directors, and, as such, do not raise a triable issue of fact as to whether an agency relationship existed

between mother and son in connection with the subject transaction.

As for plaintiff's contention that he was an intended third-party beneficiary of the contract, there has been no showing "that the language of the contract * * * clearly evidences an intent to permit enforcement by the third party" of the sale of the shares and the transfer of the lease (*Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38, 45).

To the extent that any viable claims exist regarding Millrock's purported right of first refusal or the authority of Millrock's Board of Directors to review and decide on plaintiff's mother's stock purchase application, such causes of action may only be brought by plaintiff's mother, the purchaser named in the contract of sale. Concur—Rosenberger, J. P., Williams, Tom, Wallach and Rubin, JJ.