OPINION OF THE COURT
Stephen A. Bucaria, J.
Motion by defendants Village of Muttontown and its Board of Trustees to dismiss the amended complaint in action No. 1 is granted, subject to plaintiffs right to proceed to arbitration. Motion by defendant Village to dismiss the amended petition/complaint in action No. 2 for lack of standing is denied. However, the CPLR article 78 petition to annul the village resolution is denied on the merits.
Action No. 1 was commenced on May 13, 2011. Plaintiff Old Brookville Policeman’s Benevolent Association, the union representing Old Brookville police officers, seeks a declaratory judgment with respect to the Village’s contractual obligation to provide police services jointly with the neighboring communities. The union also seeks an injunction reinstating its members to their positions pending arbitration pursuant to the collective bargaining agreement.
Action No. 2 was commenced on May 24, 2011. Petitioner Pericles Linardos, a Muttontown resident and village taxpayer, brings an article 78 petition in the nature of mandamus to annul a resolution of the Muttontown Village Trustees dated March 22, 2011 establishing a village police department. Petitioner also seeks declaratory relief similar to that sought by the union.
Beginning in 1950, respondent Village of Muttontown and various other villages on the north shore of Long Island provided joint police protection services through respondent Old Brookville Police Department. Until recently, the Villages of Old Brookville, Brookville, Upper Brookville, Cove Neck, Matinecock, Mill Neck, and Muttontown provided police services in this manner.
*684 The villages have apportioned the cost of these services, including the maintenance of a police headquarters, through a series of joint police protection contracts. The most recent joint protection contract covered the period June 1, 2006 through May 31, 2011. The contract apportions the costs among the villages based on real property tax assessments, rather than a village’s population or number of police calls. The joint contract provides that upon expiration or withdrawal, “each village shall nevertheless remain obligated to pay its respective pro rata share . . . for Joint Police Protection Service costs, liabilities and obligations incurred prior to such expiration or withdrawal, but paid or becoming due and payable after expiration or withdrawal.”
The Village of Old Brookville has entered into a series of collective bargaining agreements with the Old Brookville Policeman’s Benevolent Association covering police officers’ terms and conditions of employment. The agreement recognizes the union as the exclusive bargaining representative for police officers and contains a grievance procedure culminating in binding arbitration. The current collective bargaining agreement expires May 31, 2012, one year beyond the joint police protection contract.
On March 22, 2011, the Village of Muttontown adopted a resolution establishing its own village police department. According to the Village, it adopted the resolution because its share of the Old Brookville Police Department’s operating cost has increased in recent years, presumably as tax assessments relative to the other villages have increased. According to petitioner, an allocation based upon assessed value is advantageous to Muttontown because, while it has only 25.4% of the total assessed valuation, it has 29% of total population and receives approximately 33% of “police department resources.” Nevertheless, cost is clearly a factor as the Village intends to hire police officers not represented by the Old Brookville Policeman’s Benevolent Association and to offer a pay scale less generous than that provided by the current collective bargaining agreement.
The union seeks a declaratory judgment that Muttontown is bound by the joint police protection contract to fund its pro rata share of the police department budget. The union seeks a further declaration that the other villages are bound to provide police protection to Muttontown through the expiration of the collective bargaining agreement on May 31, 2012.
Linardos seeks a judgment annulling the Muttontown resolution as arbitrary and capricious and contrary to law. Linardos *685 asserts that the Village Board failed to follow U.S. Department of Justice guidelines for establishing a local police department, failed to enter into an inter-municipal agreement with the Nassau County Police Department, failed to hire a sufficient number of experienced police officers, and failed to consider the environmental impact of establishing a village police department.
By order dated December 7, 2011, the court dismissed the complaint in action No. 1 as against the Village of Brookville for the reasons stated in the court’s order dated July 29, 2011, denying plaintiffs motion for a preliminary injunction. In its July 29 order, the court held that since municipalities have the power to terminate agreements for joint services, they have the power to withdraw from such agreements upon the expiration of their terms (see General Municipal Law § 119-o). The court further held that the provision in the joint police protection contract obligating each village for its pro rata share of prewithdrawal liabilities was not intended to restrict a village’s right to withdraw from the joint police protection agreement.
By order dated December 7, 2011, the court dismissed the amended petition/complaint in action No. 2 as against the defendant Old Brookville for lack of standing. The court determined that failure to accord taxpayer standing to Linardos would not result in an “impenetrable barrier” to judicial review of the resolution establishing the Muttontown Village Police Department, as the union had brought a declaratory judgment action with respect to the legality of the village resolution.
Defendant Village of Muttontown moves to dismiss the complaint in action No. 1 on the ground that the police union is not a party to the joint protection contract and is not a third-party beneficiary of the joint protection contract. To have standing to enforce a contract as a third-party beneficiary, plaintiff must show an intent to benefit (Fourth Ocean Putnam Corp. v Interstate Wrecking Co., 66 NY2d 38 [1985]). The union has not shown that it is an intended third-party beneficiary of the joint protection contract.
Under the joint protection contract, a village is not obligated for its pro rata share of police costs which are incurred subsequent to withdrawal. However, an employer who is a member of a multiemployer bargaining association is bound by an agreement negotiated by the association (National Labor Relations Bd. v Hartman, 774 F2d 1376, 1383 [9th Cir 1985]). In the private sector, once a multiemployer bargaining unit is *686 established, federal law dictates that reasonable controls limit the manner in which withdrawal may be permitted (id,.). There is a similar need for stability in the performance of joint municipal contracts, which are akin to multiemployer bargaining relationships. Thus, even after withdrawal, the villages may be liable for a portion of subsequently accrued police salaries and benefits pursuant to the collective bargaining agreement.
Accordingly, defendant Village of Muttontown’s motion to dismiss the complaint is granted, with leave to the union and its members to pursue their rights in arbitration. Because of the public interest in effective, but efficient, law enforcement, the court declines to issue an injunction in aid of arbitration, as a matter of discretion (CPLR 7502 [c]).
Defendant Village of Muttontown moves to dismiss the petition/complaint in action No. 2 for lack of standing. Defendant argues that Linardos is not a party to the joint protection contract or the collective bargaining agreement. In view of the dismissal of the union’s declaratory judgment action, the court grants taxpayer standing to Linardos. However, the court determines that the Village of Muttontown resolution establishing its own police department was not arbitrary and capricious or contrary to law. The decision of whether, and in what manner, to provide village police is within the sound discretion of properly elected village authorities. The article 78 petition seeking to annul the Village of Muttontown resolution dated March 22, 2011, establishing a village police department, is denied.