Malan v QPS 23-10 Dev., LLC (2025 NY Slip Op 02061)

Malan v QPS 23-10 Dev., LLC

2025 NY Slip Op 02061

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2019-13741
 (Index No. 14193/15)

[*1]Julio Malan, plaintiff, 
v
QPS 23-10 Development, LLC, et al., defendants third-party plaintiffs-appellants; Alpha/Omega Concrete Corp., third-party defendant- respondent, et al., third-party defendant.

Brody Law Group, PLLC, New York, NY (Patrick M. Caruana and Magdalene P. Skountzos of counsel), for defendants third-party plaintiffs-appellants.
Law Office of Harry C. Demiris, Jr., P.C., Westbury, NY, for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated August 26, 2019. The order denied the defendants third-party plaintiffs' motion for summary judgment on the third-party cause of action for contractual indemnification against the third-party defendant Alpha/Omega Concrete Corp. and granted that branch of that third-party defendant's cross-motion which was pursuant to CPLR 3211(a) to dismiss the third-party cause of action for contractual indemnification against it.
ORDERED that the order is affirmed, with costs.
This appeal arises from a worksite accident that occurred at a construction project in Long Island City. The factual and procedural background is set forth in greater detail in our decision and order on a related appeal (Malan v QPS 23-10 Dev., LLC, ___ AD3d ___ [Appellate Division Docket No. 2022-08609; decided herewith]).
The defendants, QPS 23-10 Development, LLC (hereinafter QPS Development), and other related entities, allegedly were the owners or other responsible parties with respect to a construction project that required concrete work. After a prior contractor defaulted, General Casualty Company of Wisconsin (hereinafter General Casualty), the surety with respect to the concrete work, entered into a surety takeover agreement with QPS Development. General Casualty, in turn, entered into a completion contract with Alpha/Omega Concrete Corp. (hereinafter AO Concrete) to complete the concrete work. The plaintiff, an employee of AO Concrete, commenced this action against the defendants to recover damages for personal injuries he allegedly sustained when he fell at the construction site.
The defendants commenced a third-party action against AO Concrete and another entity. Thereafter, the defendants moved for summary judgment on the third-party cause of action for contractual indemnification against AO Concrete. AO Concrete cross-moved, inter alia, [*2]pursuant to CPLR 3211(a) to dismiss the third-party cause of action for contractual indemnification against it. In an order dated August 26, 2019, the Supreme Court denied the defendants' motion and granted that branch of AO Concrete's cross-motion. The defendants appeal.
The defendants argue that they are entitled to contractual indemnification from AO Concrete by virtue of the completion contract, to which the defendants are not parties. "A party asserting rights as a third-party beneficiary must establish (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [its] benefit and (3) that the benefit to [it] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [it] if the benefit is lost" (Neurological Surgery, P.C. v Group Health Inc., 224 AD3d 697, 698-699 [internal quotation marks omitted]; see Mendel v Henry Phipps Plaza W., Inc., 6 NY3d 783, 786; Merlino v Knudson, 214 AD3d 642, 644). Courts generally recognize "a third party's right to enforce a contract in two situations: when the third party is the only one who could recover for the breach of contract or when it is otherwise clear from the language of the contract that there was 'an intent to permit enforcement by the third party'" (Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 710, quoting Fourth Ocean Putnam Corp. v Interstate Wrecking Co., 66 NY2d 38, 45).
With respect to construction contracts, the Court of Appeals has generally required "express contractual language stating that the contracting parties intended to benefit a third party by permitting that third party 'to enforce a [promisee's] contract with another'" (id., quoting Port Chester Elec. Constr. Corp. v Atlas, 40 NY2d 652, 656). "In the absence of express language, '[s]uch third parties are generally considered mere incidental beneficiaries'" (id.).
Contrary to the defendants' contention, they failed to establish, prima facie, that they are intended third-party beneficiaries of the completion contract. The completion contract, which they submitted in support of their motion, lacks express contractual language stating that the contracting parties intended the completion contract's indemnification provision to benefit any of the defendants, including QPS Development (see id.). Further, the completion contract expressly requires AO Concrete to indemnify General Casualty, the surety, against any and all liability. Therefore, the defendants are not the only ones who could recover under the completion contract (see Merlino v Knudson, 214 AD3d at 644). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment on the third-party cause of action for contractual indemnification against AO Concrete regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
For similar reasons, the Supreme Court properly granted that branch of AO Concrete's cross-motion which was pursuant to CPLR 3211(a) to dismiss the third-party cause of action for contractual indemnification against it, because AO Concrete's purported duty to indemnify is "not a fact at all" (Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832).
In light of our determination, we need not reach the defendants' remaining contentions.
MILLER, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court